ROBERT H. GRANT *vs.* THE NEW DEPARTURE MANU-
FACTURING COMPANY.

First Judicial District, Hartford, March Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Evidence of oral negotiations terminating in a contract of employment
for one year to commence on a subsequent day would, because of
the statute of frauds, be insufficient to establish the contract; but
when letters, thereafter written by the parties, are properly received
to prove the terms of the contract, what occurred before they were
written is competent to prove the circumstances under which they
were written, in aid of their interpretation.

The plaintiff having received from the defendant an oral proposition for
employment, thereafter wrote to it stating the terms of the oral
proposition and accepting it, and further requested in his letter
that the defendant send him a "contract for the first year as above."
The defendant replied by letter repeating the terms of the employ-
ment and acknowledging the plaintiff's acceptance of them, but
declined to send a contract, stating that "there isn't a person in
our employ, including the three officers, who has a contract of any
kind with this company." Thereupon the plaintiff entered defend-
ant's employ, and having subsequently been discharged before the
expiration of the year, brought this action for damages. *Held:*—

1. That the parties, in this correspondence, referred to the written
evidence, and not to the actual making, of a contract.

2. That so construed, plaintiff's letter was an acceptance of a preceding
offer of employment whereby a contract resulted between the
parties.

3. That defendant's reply was a sufficient memorandum of the terms
of the contract to satisfy the requirements of the statute of frauds.

Upon such a construction of the correspondence, a finding that the
parties orally renewed the contract upon the day when the term of
employment began is without significance, and a request that it
be stricken out as having been found without evidence does not
require consideration.

The plaintiff was not bound to offer evidence as to whether he found, or
by reasonable diligence could have found, other employment be-
tween the time of his discharge and the end of the agreed term,
until that question was opened by the defendant, for, prima facie,
he was entitled to recover the balance of the stipulated salary.
(*One judge dissenting.*)

This rule applies whether the employee brings suit at once or waits until after the expiration of the stipulated term.

In the present case, no evidence having been offered by plaintiff or defendant upon the question of other employment, the trial court found as a fact that the plaintiff, from the time of his discharge until the end of the year, was unable to obtain employment. *Held* that defendant was not harmed by such a finding.

Argued March 6th—decided May 16th, 1912.

ACTION to recover the unpaid balance claimed to be due upon an alleged annual contract to employ the plaintiff as supervisor of the defendant's ball-bearing department, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the plaintiff for $906, and appeal by the defendant. *No error.*

The defendant, desiring a superintendent for its ball-bearing department, made the plaintiff a proposition to serve it in that capacity. The plaintiff asked time to consider the proposition, and a few days later, on January 25th, wrote it a letter which read: "I have carefully considered your proposition to take charge of your ball department and any other branch of the business you may see fit to give me, for $2,500 per annum for the first year and advances as fast as the departments show that they are profitable to the Company. If you will kindly send me a contract for the first year as above, I will be with you on the first of the month ready to start in and give you the benefit of my knowledge in the lines mentioned above." To this the defendant, on January 27th, replied as follows: "Yours of the 25th instant to hand and we are pleased to note that you will be with us on the 1st of Feb., upon the terms and under conditions as gone into verbally when you were here last. The salary for the first year will be $2,500. The more valuable you make yourself to us, the better it will please us, and your salary will be

governed accordingly. Regarding contracts, would say that there isn't a person in our employ, including the three officers, who has a contract of any kind with this company, and in taking this up with our Mr. Rockwell he stated that he thought inasmuch as this had not been the custom heretofore, we had better not depart from what has been an old established rule. At the same time you need not anticipate any trouble as to the treatment you will receive from the hands of this company. Our Mr. Rockwell is most broad in his treatment of these matters and I am sure your new connection will prove most profitable for all concerned. Unless we hear from you to the contrary we will expect you here on the 1st proximo."

These letters were in evidence, and also oral testimony tending to show what occurred at the interview between the parties. The plaintiff entered upon the employment on February 1st, 1909, and continued in it until October 1st, 1909, when, against his will, he was discharged by the defendant.

*Josiah H. Peck* and *Newell Jennings*, for the appellant (defendant).

*Clifford H. Bell*, with whom was *John W. Joy*, for the appellee (plaintiff).

THAYER, J. If the plaintiff was employed for a year at a salary of $2,500, as he claims, then his discharge by the defendant before the end of the year was a breach of its contract.

It appears that prior to the writing of the letters which passed between the parties, they had met and talked over the defendant's requirements and the plaintiff's experience and qualifications. The defendant then offered the plaintiff employment as mechanic and

supervisor of its ball department at a salary of $2,500 for the first year. The plaintiff requested time to consider the proposition. The letters then passed between the parties, and pursuant thereto the plaintiff came on from his home in Pennsylvania and entered upon the employment on February 1st, 1909. The defendant correctly says that any parol contract made prior to February 1st for a year's employment to begin on that date would be within the statute of frauds and that proof of such contract would be insufficient to establish the contract alleged. But what occurred before the letters were written is competent to show the circumstances under which they were written, as an aid to their interpretation.

The plaintiff's letter states the terms of the original proposition and manifestly was intended as an acceptance of it. That the defendant so understood it appears from its reply. It says therein that it is pleased to note that the plaintiff will be with it on the first of February, upon the terms and conditions which had been gone into verbally at the time of the interview, and that his salary will be $2,500 for the first year. Had the letter ended here, it would have been, in view of the circumstances under which it was written, a sufficient memorandum of a contract for a year to justify the court in its finding of such a contract. *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1, 6, 85 N. E. 877. The defendant does not seriously contend that it would not, but says that it appears by the letters that the plaintiff asked for a contract for a year, and that the defendant refused to make such a contract. Is this the proper construction of the language of these letters? The plaintiff's request was that "a contract for the first year as above" be sent him, showing that it was the written evidence of the contract which his acceptance of the defendant's proposition had created which he requested. The terms

were agreed upon. He asked for a written contract as evidence of those terms. Apparently the defendant so understood it. It declined to send such a contract, not because there was no agreement for a year's service, but because it did not give contracts to its employees, and chose not to depart in this case from an old established rule. It said: "There isn't a person in our employ, including the three officers, who has a contract of any kind with this company." It cannot be considered that this statement was correct unless the reference was to written contracts. Undoubtedly the writer meant that none of its employees, including the officers, had written contracts of employment. The language is that of a person excusing himself for refusing to send a writing embodying an agreement already made for a year's services, rather than that of one refusing to enter into such an agreement. There was no error in the court's holding that there was a contract for a year, of which the defendant's letter was a sufficient memorandum to satisfy the statute.

The foregoing renders it unnecessary to consider the defendant's request that paragraphs eleven and twelve of the finding be stricken out as having been found without evidence to support them. The plaintiff having produced a sufficient memorandum in writing of the contract, the finding that the contract was renewed orally on the morning of February 1st has no significance, and the defendant is not harmed by the finding.

Nor is the defendant harmed by the finding (also complained of as having been found without evidence), that from the time of his discharge until the end of the year the plaintiff was unable to obtain employment. The plaintiff had been paid in full to the time of his discharge. The defendant having broken the contract, the plaintiff, prima facie, was entitled to the balance of the salary stipulated to be paid. For this he could

have brought suit at once. He waited until the year had expired. Had he brought suit at once, the defendant would have been permitted to show, in mitigation of damages, that the plaintiff by the use of due diligence could find other employment. In the present case, in like manner, it was permissible for the defendant to show either that the plaintiff had, between his discharge and the end of the year, found and accepted other employment, or that by proper diligence he could have found other employment. 1 Sedgwick on Damages (9th Ed.) § 227; 3 Joyce on Damages, § 2026; 2 Greenleaf on Evidence, § 261*a; Howard* v. *Daly,* 61 N. Y. 362, 371; *Maynard* v. *Royal Worcester Corset Co.,* 200 Mass. 1, 85 N. E. 877. The plaintiff was not bound to offer any evidence upon that question until it was opened by the defendant. The latter having offered no evidence upon that question, it was not harmed by the finding complained of, because, without such finding, the plaintiff was entitled to the balance of his salary for the year.

There is no error.

In this opinion HALL, C. J., PRENTICE and RORABACK, Js., concurred.

WHEELER, J. (concurring). I concur in the decision, and in the opinion except in the following statement of law: "The defendant having broken the contract, the plaintiff, prima facie, was entitled to the balance of the salary stipulated to be paid. For this he could have brought suit at once. He waited until the year had expired. Had he brought suit at once, the defendant would have been permitted to show, in mitigation of damages, that the plaintiff by the use of due diligence could find other employment. In the present case, in like manner, it was permissible for the defendant to show either that the plaintiff had, between his dis-

Grant *v.* New Departure Mfg. Co.

charge and the end of the year, found and accepted
other employment, or that by proper diligence he could
have found other employment. . . . The plaintiff was
not bound to offer any evidence upon that question
until it was opened by the defendant."

This is in conflict with the doctrine of *Perry* v. *Simpson Waterproof Mfg. Co.,* 37 Conn. 520, 539, a case of
assumpsit for breach of a contract by the defendants,
employers of the plaintiff. We then said in relation to
the question of damages: "We are clearly of the opinion
that the plaintiff is not, necessarily, and as matter of
law, entitled to recover the full price for the full term of
the contract. The defendants violated their contract,
and the plaintiff suffered damage. The injury sustained is the measure of damages. That is ascertained
by considering how much he could have earned at the
contract price during the balance of the term, taking
into consideration the sum payable weekly, and also
the value of the stock stipulated for in the contract.
From this should be deducted the value of the plaintiff's time to himself. . . . Of course the plaintiff
would not be justified in remaining idle for the whole
time. He will not be permitted to increase the damage
to himself unnecessarily, at the expense of the defendants. He is bound to use ordinary diligence. The defendants are only liable for proximate damages. Such
damages as result from his own negligence, or want of
proper diligence, are too remote, and not chargeable to
the defendants. Upon the same principle he has no
right to insist upon employment in the same business
or at the same price. If that is not to be had, he is
bound to engage in other business, and, if need be, at a
less price."

We thus held that it is the duty of the discharged
employee to lessen his damage by seeking other employment. And yet the opinion holds that it is the duty

of the employer to negative by proof the employee's failure of duty to seek employment. If the rule be as stated in *Perry* v. *Simpson Waterproof Mfg. Co.*, it is difficult to resist the thought that such a conclusion is opposed to sound logic.

It also appears from *Perry* v. *Simpson Waterproof Mfg. Co.* that the measure of damages is the contract price, less what the employee should have earned by the exercise of reasonable diligence. When it is said in the opinion that prima facie the measure of damage is the balance of the contract price, we in effect overturn a rule of law, long established and well understood. This means that, in the first instance, the burden of proving that the employee could by the exercise of reasonable diligence have found employment, and thus lessened his damage, is placed upon the defendant; and thus we place upon the defendant the burden of proving an essential part of the plaintiff's cause of action. The authority cited in the opinion, i. e. *Maynard* v. *Royal Worcester Corset Co.*, 200 Mass. 1, 85 N. E. 877, holds that the burden of proving this *in the case* is on the defendant.

That many courts have been led into this illogical and unsound position is no reason why we should follow in their error. While the immediate question has not been before the court, it is necessarily involved in and logically controlled by the decision in *Perry* v. *Simpson Waterproof Mfg. Co.*, 37 Conn. 520. Moreover, the doctrine that the employee, rather than the employer, should prove the ability of the employee to get work is sound in principle. The facts relating to the ability of the employee to get work are easily within his control. He knows, or may know, if he has done his duty. The employer may not know, though he be ever so diligent. After the employee leaves his service, he may go to some place quite unknown to his former employer. The em-

ployer cannot keep track of the whereabouts of his discharged employees and officials. Consider the burden this would place upon the employer of say twenty thousand. In practice it would result in most cases in the inability of the employer making such proof. He could not support the burden of proof. Hence the discharged employee would recover the face of his contract, and the rule of law limiting his recovery to his actual damage and compelling him to deduct from what his contract would have given him what he could have earned would be rendered nugatory. Such a result would be unjust to the employer and leave our law on this subject contradictory and illogical. It would violate two rules of law: The burden is on the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. 4 Wigmore on Evidence, § 2486; 1 Greenleaf on Evidence, § 74. The burden is on the party who presumably has peculiar knowledge of a fact. 4 Wigmore on Evidence, § 2486.