WILLIAM G. VIALL *vs.* THE LIONEL MANUFACTURING COMPANY.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The mere repetition, by reference, of previous averments, without alleging in connection therewith any fact not theretofore admissible under the then-existing condition of the pleadings, is improper and ought not to be permitted.

A ruling upon demurrer is the law of the case until reversed; but if the parties see fit to raise the same question by subsequent pleadings, and the trial court decides it contrary to the former ruling, this court will feel obliged to review that decision when challenged upon appeal.

A former judgment for the recovery by the plaintiff of instalments of salary or wages then due under the terms of a contract with the defendant, is not a bar to a subsequent action to recover damages for the defendant's breach of contract, since the causes of action are altogether different.

In a former action the complaint alleged the execution of a written agreement on October 4th, 1913, for the employment of the plaintiff by the defendant at an annual salary of $2,000 payable in equal

amounts weekly, and thereafter an oral agreement that the plaintiff should do preliminary work at his home at $27 per week until January 1st, 1914, unless called to the defendant's factory before that, when the salary originally agreed upon should be paid. It further alleged that the defendant failed to furnish any preliminary work and refused to carry out its part of the contract, and that on December 8th, 1913, there was due the plaintiff for salary under the contract $216, which the defendant had declined to pay. *Held* that these allegations, taken as a whole, stated a cause of action for salary or wages accrued prior to the date of the suit, and not one for damages for a breach of contract.

The complaint in an action to recover salary due may also include a claim for damages for breach of contract.

A judgment for part of an entire demand is a conclusive bar to another action for damages for the rest of the demand.

An employee whose contract is broken by his employer can sue at once and recover damages for the entire term, or he can wait until the end of the term; but in either case his action is one for a breach of contract and not for wages or salary for services rendered subsequent to the breach.

The fiction of constructive service, for which an action for salary or wages may be maintained in some States upon a breach of the contract, has never been adopted in Connecticut.

Argued June 8th—decided July 27th, 1916.

ACTION to recover salary or wages claimed to be due under a written agreement of employment, brought to the Court of Common Pleas in Fairfield County where a demurrer to the second defense of the answer was sustained (*Scott, J.*) and the cause was afterward tried to the court, *Booth, Acting-Judge;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Henry E. Shannon,* for the appellant (plaintiff).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (defendant).

WHEELER, J. The complaint recites that on October 4th, 1913, the plaintiff and defendant entered into a written agreement by which the plaintiff was to enter

the employ of the defendant for a period of fifteen months from October 15th, 1913, at the annual salary of $2,000 payable in equal weekly payments; that the defendant paid this salary up to December 9th, 1913, and since this date has refused to carry out its contract, while the plaintiff has been ready and willing so to do, and that there is due the plaintiff for salary under the contract $1,821.48 less $875, the amount earned by the plaintiff in other employment.

The defendant answered by a general denial, and in paragraph two pleaded a former judgment for the same cause of action. Later on it filed a so-called second defense, alleging in greater detail the former judgment as a bar, and that it had paid that judgment. The plaintiff interposed a demurrer to this second defense which the court sustained. While paragraph two has not been withdrawn and raises the defense of a former judgment in bar, to which the demurrer did not run, we think it proper to treat the case, as the parties and court treated it, as governed by the demurrer whose decision took this defense out of the case.

By consent of the plaintiff the defendant filed a third defense, making all of the allegations of the second defense a part of it, and further alleging that the plaintiff never entered the employ of defendant and never performed service for it, and during a large part of the period of the contract was employed by others. The allegations in addition to the second defense did not add a new defense nor bring into the case any fact not admissible under the then condition of the pleading. We see no purpose in the third defense except that of a renewal of the second defense. This was improper pleading, and if attention had been called to it it would not have been allowed. The former judgment had been determined to be no bar to this action; that ruling was the law of the case until reversed. But this "third

defense" was filed with the consent of the plaintiff and the permission of the court. It was replied to by a denial, considered by the trial court and a decision rendered thereon that the judgment in the former action was a bar to the present action, contrary to that rendered on the demurrer by *Judge Scott.*

Under these circumstances, despite the irregularity of the procedure, the consent of the plaintiff has put into the case an issue already decided in his favor, and since the court has permitted this course—so far as the record speaks—without reason, we are obliged upon this appeal to consider it.

The judgment in the former action found the issues for the plaintiff. And those, as recited in the complaint, were: that on October 4th, 1913, the plaintiff and defendant entered into the written agreement recited in the complaint and finding herein; that on October 12th, 1913, the defendant requested the plaintiff to do preliminary work at his home, and the parties agreed that the plaintiff's salary should be $27 a week until January 1st, 1914, unless the defendant before this date called him to work in the factory, in which event the salary as originally agreed upon should be paid; that the defendant failed to send plaintiff any of the preliminary work, and refused and still refuses to carry out its part of the contract; that the plaintiff has been ready and willing to perform his part of the contract, and that on December 8th, 1913, there was due the plaintiff for salary under the contract $216, which defendant has, although the same has been demanded, refused to pay. The claim for relief was $300.

The cause of action in the former case was for salary accrued prior to the date of the action. This we think is manifest from the particularization of the period of service for which recovery is specifically sought. All of the allegations of the complaint are applicable to

Viall *v.* Lionel Mfg. Co.

this cause of action. It is true those of paragraph seven would be appropriate to a claim for damages for breach of the contract generally. Yet, when these allegations are read in connection with the rest of the complaint, it sufficiently appears that the pleader intended to state a cause of action for salary accrued prior to December 8th, 1913. This interpretation of the complaint is reinforced by the fact that the claim for damages is obviously intended to cover not a breach of the contract generally, but one for failure to pay salary for a definite term. *Judge Scott,* who rendered the judgment in the first action, in his decision upon the demurrer to the second defense in this action, so interprets the former action. That action covered the salary due prior to December 8th, 1913, and this action covers the refusal to pay salary after that period. In fact, the actions are not for the same thing, and the plaintiff never intended them to be such. In the former action, so far as the record shows, there had been no rescission of the contract, or a breach of it by a refusal to carry out its terms. All that had occurred was a failure to pay the salary when due; and so far as appears, the contract still held. If the salary had in fact been earned by the performance of the duty required of the plaintiff thereunder, his right to recover the salary stipulated and earned would have been undoubted; and this cause of action would have been wholly different from the cause of action for a breach from a wrongful discharge. While the contract stands, the recovery is for the salary agreed to be paid; when it is terminated by one of the parties, the other has an action for the salary or wages earned, and also one for damages for the breach of contract. The action for salary earned is not a bar to the action for damages for breach of contract. *Howard* v. *Daly,* 61 N. Y. 362, 368; *McCargo* v. *Jergens,* 206 N. Y. 363, 99 N. E. 838, 841;

*Keedy* v. *Long*, 71 Md. 385, 393, 18 Atl. 704; *Perry* v. *Dickerson*, 85 N. Y. 345, 350.

Necessarily the same rule holds whether the salary be earned by actual work done, or by being ready and willing to do it. In either case the action is "consistent with the continuance of the contract of employment." *Perry* v. *Dickerson, supra.*

The complaint in the former action, as we understand it, was not based upon the theory that the contract was at an end, but the contrary; and neither in that record nor in the present record does the date of the breach of the contract appear. If the breach of the contract had occurred prior to the beginning of the former action, undoubtedly the action for damages for its breach could have been joined, in one action, to that for salary due. It does not follow that if the action for salary due had been brought first, that action would have barred the action for damages for the general breach of the contract.

The defendant presses upon our attention its claims of law in the former action as settling the point that the damages considered were those arising from a breach of contract. But this is not conclusive, and the judge who tried that case and passed upon the demurrer to the defense raising the same point did not think the causes of action identical. Our decision proceeds upon our understanding that it does not appear from the record that the former judgment, in whole or in part, covered the claim for damages for breach of contract.

If any part of the former judgment were for damages for a part of the breach of the contract, that would be a bar to this action; for a judgment for a part of an entire demand is a conclusive bar to another action for damages for the rest of the demand. *Burritt* v. *Belfy*, 47 Conn. 323, 325. So, if the judgment were for salary due and also for damages for the breach of contract

occurring between the period for which the salary was due and the date of the action, no subsequent action could be brought for damages thereafter accruing under the contract.

The employee or contractee, immediately upon breach of contract, can sue and recover damages for the entire term, or he can wait until the end of the term; in either case his action is for the breach of the contract: he has no action for wages or salary for services rendered subsequent to the breach. *Perry* v. *Simpson Waterproof Mfg. Co.*, 37 Conn. 520; *Grant* v. *New Departure Mfg. Co.*, 85 Conn. 421, 83 Atl. 212. Jurisdictions which hold similarly also adopt the principle that one recovery is a bar to subsequent actions for the breach of the same contract. *Cutter* v. *Gillette*, 163 Mass. 95, 39 N. E. 1010; *Howard* v. *Daly*, 61 N. Y. 362. Reason and authority require us to adopt the same principle.

The fiction that upon breach of contract for salary or wages, an action for constructive service would lie, has never been adopted by us and its recognition would be at variance with the doctrine of *Perry* v. *Simpson Waterproof Mfg. Co.* and *Grant* v. *New Departure Mfg. Co.*

We have treated the finding, that the first count of the former action was an action for the breach of the same contract relied upon in the present action, as a conclusion of law rather than one of fact. As a conclusion of law we think it erroneous, and if it be one of fact we think it contrary to the record.

There is error, the judgment is reversed and a new trial ordered.

In this opinion the other judges concurred.