NEHEMIAH L. RICH *vs.* ALBERT W. JOHNSTON.

Third Judicial District, Bridgeport, April Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A defendant may contradict any statement of fact made by a witness for the plaintiff upon his direct examination, with or without laying a foundation for such contradiction upon cross-examination.

A witness for the plaintiff having testified upon his direct examination that he had been discharged from the defendant's employment for forgetting to lock up a dog, was asked upon his cross-examination if it was not for dishonesty, and answered in the negative. The defendant failed to follow up this insinuation of dishonesty, and the trial court in its charge criticised counsel for making such an apparently unjustifiable imputation. *Held* that such criticism was quite proper, as the cross-examiner was not attacking the credit of the witness—in which case he might have been precluded from contradicting the answer—, but was attempting to show that the witness had testified falsely on his direct examination, a fact open to proof by the defendant at any time during the introduction of his evidence.

Upon the simple question of whether the plaintiff had warranted his preparation for trees to be harmless and effective, his knowledge or lack of knowledge of its injurious character is not material; and therefore an instruction to the jury which imposed upon the

Rich *v.* Johnston.

losing defendant the burden of proving not only the warranty in fact, but also that the plaintiff knew or ought to have known that the preparation was injurious, is misleading and harmful.

In an action upon an express contract for work and labor and materials furnished, to be paid for upon a cost basis plus a percentage, the fact that the work was worthless or useless is no defense.

Argued April 11th—decided May 28th, 1918.

ACTION to recover the balance of an account alleged to be due for pruning, spraying and treating trees on the defendant's premises, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment for the plaintiff for $360, and appeal by the defendant. *Error and new trial ordered.*

The defendant paid for and was satisfied with the work done and materials furnished in pruning and spraying the trees, but denied liability for the scraping and painting of a number of trees; and by way of second defense alleged that the scraping and painting of the trees was done under an express agreement that the men to be furnished for this work should be competent, and that the plaintiff warranted his preparation to be harmless and effective in preventing injury by the hickory bark borer; that many of the men furnished were incompetent; that the preparation used was ineffective and injurious; and that the plaintiff's work in scraping and treating the trees was wholly worthless. These allegations were also incorporated in a counterclaim for damages for killing and injuring a number of the trees. There was no dispute as to the terms of payment, both complaint and answer alleging that the plaintiff was to be paid upon a cost plus percentage basis.

It appears from the finding that the defendant offered evidence to prove, and claimed to have proved, his allegation of an express warranty that the prepara-

tion was harmless and effective, and that the plaintiff, on the other hand, claimed to have proved that he told the defendant that the mixture was somewhat experimental, and that the defendant so understood.

But two errors are assigned. A witness for the plaintiff, having testified on the direct examination that he was discharged from the defendant's employ for a trivial reason, was asked upon cross-examination whether he had not been discharged for dishonesty, and answered in the negative. The insinuation of dishonesty was not followed up by the defendant, and in the course of the charge the court criticised counsel for taking advantage of a witness and imputing dishonesty to him without any apparent justification. This is assigned as error.

The court charged the jury, in substance, that if they found the defendant's trees were killed and injured by the plaintiff's treatment, and also found that the plaintiff had expressly warranted his preparation to be harmless and effective, then their verdict should be for the defendant, and that if they found that both parties understood that the treatment was experimental, then their verdict should be for the plaintiff. The court then summed up the case in the following language, which is the subject of the second assignment of error: "The main question as raised by the defendant is that the work was worthless and ineffective and injurious because of the quality of the preparation. That seems to be the really main question in the case, and it is, therefore, necessary for you to consider very carefully and determine whether or not the defendant's contention in this respect or the plaintiff's contention in this respect is correct. That is, was the preparation improper and, therefore, ineffective and injurious to the trees, and that the plaintiff knew, or should have known from his experience of ten years

in the treatment of trees, that the preparation was injurious and harmful, and that, when he made this statement to the defendant relative to the same, he knew or should have known that it was harmful and injurious to trees of this character and would, probably, have just the effect which the defendant claims that it did have."

*Wilbur S. Wright*, for the appellant (defendant).

*Raymond E. Hackett*, for the appellee (plaintiff).

BEACH, J. As to the first assignment of error, the defendant's theory is that the comment which the court made upon the impropriety of imputing dishonesty to a witness without any apparent reason for doing so, was erroneous, because the rule in this State as to attacking the credit of a witness on cross-examination, by asking about particular instances of misconduct not necessarily indicating a lack of veracity, permits such questions to be asked at the discretion of the court, but requires counsel to take the answer, and does not allow him to raise an issue thereon by introducing evidence to contradict the witness. This is undoubtedly the rule laid down in *Shailer* v. *Bullock*, 78 Conn. 65, 69, 70, 61 Atl. 65, but it has no application to this case. Here the cross-examiner was not attacking the credit of the witness, but was attempting to show that he had testified falsely on the direct examination as to the reason for his discharge. The witness had already undertaken to avoid any suspicion of misconduct which might have been attached to the fact of discharge, by claiming that he was discharged for forgetting to lock up a dog. Of course, the defendant might contradict that, or any other statement of fact made by the witness on his direct examination

with or without laying a foundation on the cross-examination; and the court was quite right in criticising counsel for imputing dishonesty as the real cause of discharge, without making any effort to prove it. It should be said, however, in justice to counsel, that he then believed he had such evidence, but mistakenly supposed that under the rule in *Shailer* v. *Bullock* he could not use it.

The other assignment of error is well taken. The court, after charging the jury correctly as to the legal effect of the principal claims made by the parties, then used the language quoted in the statement of facts, which is not appropriate to any defense made by the pleadings or to any state of facts claimed to have been proved at the trial, so far as this record shows. Coming at the end of the charge and emphasized as the main question in the case, this part of the charge must have lead the jury to suppose that the defendant was bound to show, not only that the plaintiff warranted his preparation to be harmless and that it was in fact injurious, but also that the plaintiff knew or ought to have known that it was injurious, and that his statement to the contrary—if he made it—was recklessly and carelessly made. Since there is nothing in the pleadings or in the findings of fact which indicates that the defendant made any claim that the plaintiff knew or ought to have known that the preparation was injurious, this instruction was misleading and harmful.

One other matter may be mentioned, though not assigned as error. The court charged the jury, at the defendant's request, that it was a good defense in this case if the jury found that the work was worthless, and if they so found their verdict should be for the defendant. This instruction overlooks the fact that the plaintiff was not suing for the reasonable value

of his work and materials, but was suing upon an express contract under which he was to be paid on a cost plus percentage basis; and if the jury found there was no warranty he would still be entitled to his agreed pay, though the work was useless.

There is error and a new trial is ordered.

In this opinion the other judges concurred.