H. WYCKOFF MILLS *vs.* THE ROTO COMPANY.

First Judicial District, Hartford, May Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A demurrer which attempts to test a contract, alleged to be partly written and partly oral, solely by the writings must be overruled, for the writings may be supplemented or affected by subsequent oral agreements, or their interpretation clarified by evidence of the circumstances attending their making.

Where a written contract is unambiguous, or where, though ambiguous, its meaning depends upon extrinsic circumstances which are undisputed, its construction is for the court even in a jury trial; and even where such circumstances are in dispute, the construction of the contract is not for the jury, but the court may submit the case to them to find the facts, with proper instructions as to the various aspects in which they may present themselves, or, by means of interrogatories, the jury may be required

to find the facts specially and the court will then interpret the contract in the light of the facts so found.

The plaintiff alleged and offered proof that the defendant had discharged him before the expiration of a contract to employ him for "one year," whereas the defendant claimed that the discharge was justifiable because the agreement was for an indefinite period. The trial court repeatedly instructed the jury that if they found that the plaintiff had established the existence of a contract of hiring "for a period of one or more years," he would be entitled to recover. *Held* that the charge was erroneous and harmful to the defendant, since it authorized the jury to render a verdict for the plaintiff upon a state of facts which he had neither pleaded nor claimed to have proved.

Argued May 4th—decided July 3d, 1926.

ACTION to recover damages for an alleged breach of contract by the defendant to employ the plaintiff, brought to the Superior Court in Hartford County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $1,977, and appeal by the defendant. *Error and new trial ordered.*

*Alvan Waldo Hyde* and *J. Harold Williams*, with whom, on the brief, was *Wallace W. Brown*, for the appellant (defendant).

*Allan E. Brosmith*, for the appellee (plaintiff).

HINMAN, J. The plaintiff, in the first count of his amended complaint, alleged a contract that the defendant "should employ the plaintiff for the period of one year and pay him for his services an annual salary of $3,500"; that this agreement was made in part by letter, attached to the complaint, and in part by a verbal agreement between the parties; and that the defendant, before the expiration of the year, discharged the plaintiff without just cause. A second count included in the complaint was abandoned on the trial.

The defendant demurred on the ground that it ap-

peared from the complaint and exhibits attached that the employment of the plaintiff was for an indefinite time. The demurrer was overruled, the defendant answered, admitting the letters but denying all the other allegations, and the case was tried to the jury with the result above stated.

The first reason of appeal, other than the refusal of the court to set aside the verdict, concerns the overruling of the demurrer. As to this it need only be said that, since the complaint alleged an agreement partly in writing and partly by parol, the resulting contract could not be tested, as the demurrer attempted to do, solely by the writings, which under the complaint as framed might be supplemented or affected by subsequent oral agreements, or the interpretation of which might be elucidated by circumstances attending the writing of the letters. *O'Loughlin* v. *Poli*, 82 *Conn.* 427, 432, 74 Atl. 763; *Jacobson* v. *Hendricks*, 83 Conn. 120, 75 Atl. 85; *Grant* v. *New Departure Mfg. Co.*, 85 Conn. 421, 83 Atl. 212. For the same reason the admission in evidence of such circumstances, for the purpose of aiding in the interpretation of the writings, was not improper.

Refusal of the court to charge, as requested, in substance that the agreement in question was for an indefinite period and not for one year, and various portions of the charge as given, are subjects of the remaining assignments of error, and these (with the exception of the seventh and eighth, which are without merit) are based upon the contention that it was the duty of the court to construe the contract, but that its meaning was, instead, submitted to the jury for determination.

Where the meaning of a written contract is ascertainable from the instrument itself or where, although the writing is ambiguous the meaning is to be judged

or its ascertainment aided by extrinsic circumstances, and the facts as to such circumstances are undisputed, the construction is for the court, even in a jury trial. *Jordan, Marsh & Co.* v. *Patterson,* 67 Conn. 473, 479, 35 Atl. 531. But where the facts as to the circumstances surrounding the transaction and the situation and conduct of the parties bearing upon their intent in using the expressions contained in the contract are in dispute, the court should leave to the jury the determination of such facts under appropriate instruction. The jury may be required, by the use of interrogatories, to find the facts specially, and the court then interpret the contract in view of the facts so found; or the court may instruct the jury as to the construction to be given to the contract according to the various aspects in which such facts may present themselves, stating what would be the true construction of the instrument according to the claims made, and the facts found by them, and the jury are bound to adopt the particular construction applicable to the facts which they find. Neither of these courses constitutes a submission of the construction of the contract to the jury. *Straus* v. *Kazemekas,* 100 Conn. 581, 589, 124 Atl. 234; *Cunningham* v. *Washburn,* 119 Mass. 224; *Cohen* v. *Berlin & Jones Envelope Co.,* 166 N. Y. 292, 59 N. E. 906; 13 Corpus Juris, p. 786, § 997.

In this case the facts and circumstances bearing upon the intent and meaning in which the parties employed the language used in their correspondence constituting the contract were not undisputed and were a proper subject of ascertainment by the jury. The trial court, as was preferable in the present instance, adopted the second of the above-mentioned permissible methods of submitting the same to the jury, and sufficiently stated the consequences, as to the meaning and effect of the contract, of the different

states of facts which might, upon the evidence, be found by the jury. The charge, reasonably construed, does not leave to the jury the construction of the contract.

The additional claim is made, however, and is within the scope of three of the reasons of appeal, that the charge is erroneous in that, as to the period of employment contemplated by the contract, it is not adapted to, but departs from and enlarges, the issue made by the pleadings, and the plaintiff's claims on the trial with reference thereto.

The complaint alleged employment for "one year," and the claims made by the plaintiff were confined to a contract for one year. The court, in beginning that portion of its charge relating to the contract, correctly stated that the issue was whether the hiring was "for a period of one year, or for an indefinite period," but subsequently referred repeatedly to the contract, as claimed by the plaintiff, as "for one or more years." In the course of the charge having reference to the construction of the contract, the court said: "The phrase in the contract of hiring 'You have named $3,500 per year as salary at the outset' is susceptible of two interpretations. The language is consistent with the hiring for a term of one or more years at $3,500 per year or for an indefinite period subject to be terminated by either party by reasonable notice to the other, compensation to be at rate of $3,500 per year so long as the term of employment continues." This portion of the charge also concludes as follows: "If, upon the evidence, you find the contract of hiring was intended to be one for an indefinite period, . . . your verdict then should be for the defendant; or, if it has not been established by a fair preponderance of evidence that it was the reasonable understanding of the parties that the contract of hiring was for a

period of one or more years at $3,500 per year, your verdict should also be for the defendant." And the final statement relating to the issues of the case, except the rule of damages, was: "If you find that a contract was made between the plaintiff and the defendant whereby the defendant agreed to hire the plaintiff for one year or more at a salary of $3,500, and that the plaintiff was discharged without just cause, the plaintiff will be entitled to a verdict at your hands."

As the appellant claims, the jury may well have been led thereby to understand and decide that the plaintiff was entitled to recover upon proof of an agreement to employ him for the partially indefinite period thus reiterated in the instructions upon the main and decisive question in the case, instead of, and to the exclusion of, the definite period of one year which was pleaded and claimed by the plaintiff, and in this respect the charge was erroneous. *Rich* v. *Johnston,* 92 Conn. 599, 603, 103 Atl. 1003; *Lindquist* v. *Marikle,* 99 Conn. 233, 236, 121 Atl. 474, and cases cited; *Berman* v. *Kling,* 81 Conn. 403, 406, 71 Atl. 507.

There is error and a new trial is ordered.

In this opinion the other judges concurred.