[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE # 116
On April 20, 1992 Kathleen Fulton, the plaintiff, appealed to this court from a decision of the Town of Morris' Board of Tax Review. In count one the plaintiff alleges, inter alia, that on October 1, 1991, plaintiff was the owner of a cottage located on land leased from The White Memorial Foundation, Inc., all as recorded in the Morris Land Records. Under the lease, plaintiff is bound to pay to the landlord all real property taxes. The plaintiff further alleges that the defendant Town of Morris' assessors valued plaintiff's property at an excessively high rate and that, upon appeal to the Board, no revisions to the valuation were made.
In count two, the plaintiff incorporated paragraphs 1-3 of the first count. The plaintiff further alleged that a tax was laid on this property which tax was computed on an assessment which was manifestly excessive and could not have been arrived at CT Page 9795 except by disregarding the statutes for determining the valuation of such property. In the plaintiff's prayer for relief under the second count plaintiff seeks a reduction in the amount of the tax and the assessment on which it was computed pursuant to Conn. Gen. Stat. 12-119.
On August 4, 1992, the defendant filed a motion to strike the first and second counts of the plaintiff's compliant. The defendant in its supporting memorandum, argues that both counts of the plaintiff's complaint should be stricken for the failure to name the White Memorial Foundation, Inc., owner/lessor of the land, as an indispensable party.
In the alternative, defendant argues that the second count of plaintiff's complaint be stricken for failure to state a legally sufficient cause of action for wrongful or unlawful assessment pursuant to Conn. Gen. Stat. 12-119. Specifically, defendant argues that plaintiff has failed to allege specific assessment statutes which the assessor violated, and the specific acts of misfeasance or nonfeasance constituting said violation and, therefore, the motion to strike the second count of plaintiff's complaint should be granted. Thereafter, on September 14, 1992, the plaintiff filed an objection to the motion to strike and attached thereto a supporting memorandum.
The motion to strike is provided for in Practice Book 151-158 and is the proper means by which to raise the nonjoinder of a necessary or indispensable party. George v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980). The motion to strike also tests the legal sufficiency of a pleading. Ferryman v. Groten, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well-pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS Inc., 196 Conn. 91, 108 (1985). "The sole inquiry at this stage is whether . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford. Inc., 39 Conn. Sup. 129, 132 (1983). In addition, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370 (1986).
In its memorandum in support of its motion to strike, CT Page 9796 defendant asserts that counts one and two should be stricken for failure to name the White Memorial Foundation, Inc., the owner/lessor of the lot, as an indispensable party. Defendant also contends that count two of the complaint fails to sufficiently plead a cause of action for wrongful or unlawful assessment pursuant to General Statutes 12-119, because plaintiff has failed to allege specific assessment statutes which the assessor violated and the specific acts of misfeasance or nonfeasance constituting said violation. In its memorandum in opposition to the motion to strike, the plaintiff contends that the White Memorial Foundation, Inc., as a landowner/lessor with a lease placing the full tax burden on the cottage owner/lessee, is neither a necessary nor an indispensable party because the court may make a final determination of the entire controversy as to the proper valuation by the assessor without the joinder of the White Memorial Foundation, Inc. The only facts to be determined by the court are the correct assessment value of the land and buildings upon which assessment is laid, the taxes which the plaintiff is contractually bound to pay.
As for the Second Count, plaintiff in its memorandum in opposition contends that plaintiff has plead in the time honored manner of bringing an action under Conn. Gen. Stat. 12-119 and has stated that Conn. Gen. Stat. 12-119 is the statutory basis for count two in his second count prayer for relief.
The distinction between necessary and indispensable parties has not always been easy to ascertain. The misleading nature of the terms "necessary" party and "indispensable" party has resulted in a blurring of the distinction between them. Sturman v. Socha, 191 Conn. 1, 6, 463 A.2d 527 (1983). The terms as they have been used, however, are not without definitions. An indispensable party is a person who not only has an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Sturman, supra, 6-7. Necessary parties, on the other hard, have been described as "`[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it . . . . Sturman, supra 7, quoting, Shields v. Barrow, 58 U.S. (17 How.) 130, 139 (1855). But if the parties interests "are separable from CT Page 9797 those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties." Id. In other words, indispensable parties are those without whom an action cannot continue while "necessary parties [are] those whose presence is necessary for a complete resolution of the controversy but whose absence does not prevent the court from granting some relief." LaBelle v. Dunham,4 CSCR 726, 727 (Oct. 16, 1989 Pickett, J.) quoting E. Stephenson, Connecticut Civil Procedure (2nd Ed.) 305, p. 430 (1970). (Emphasis in original).
The instant case can proceed without the White Memorial Foundation, Inc. The White Memorial Foundation, Inc. is not an indispensable party because the court can determine the entire controversy as to the proper valuation by the assessor without the joinder of the White Memorial Foundation, Inc. The White Memorial Foundation, Inc., is not needed to play a role in the "complete resolution" of the case because the court can determine the assessment value of the land and buildings. See Id., 430. Under these circumstances, the White Memorial Foundation, Inc. is properly classified as a "necessary" party rather than an indispensable party. The only determination the court is required to make is the correct assessment value of the land and buildings upon which assessment is laid, and the taxes which the plaintiff is contractually bound to pay.
The defendant next contends that the second count of plaintiff's complaint should be stricken because plaintiff's complaint fails to specify which assessment statutes the assessor has violated and how the assessor is alleged to have violated such statutes. The requirement that the pleader specifically identify the number of the statute upon which he relies, as governed by Conn. Practice Book 109A is directory, rather than mandatory. Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073,1074 (1988).
In the present case, however, the plaintiff in his second count prayer for relief states "the applicants pray for a reduction in the amount of the tax and the assessment on which it was computed pursuant to Connecticut General Statutes, 12-119." The plaintiff has in fact stated that Conn. Gen. Stat. 12-119
is the statutory basis for count two.
As for defendant's contention regarding plaintiff's failure CT Page 9798 to plead misfeasance or nonfeasance by the taxing authority, that is the plaintiff's burden of proof, which must be established by a preponderance in order to prevail under Conn. Gen. Stat. 12-119. See Second Stone Ridge Cooperative Corp. v. Bridgeport,220 Conn. 335, 341, 597 A.2d 326 (1991).
Therefore, plaintiff has alleged a cause of action under Conn. Gen. Stat. 12-119. Accordingly, for the foregoing reasons defendant's motion to strike is denied.
PICKETT, J.