[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action is an appeal concerning personal property taxes assessed against the plaintiff by the taxing authorities of the City of Bridgeport. The action was commenced as an administrative appeal and contains five counts. The first count is a standard CT Page 11106 appeal under 12-118 of the General Statutes for overvaluation of the plaintiff's property, and is not challenged by the defendants. The second, third and fourth counts are stated in the appeal to be based on 12-119 of the General Statutes. The fifth count is based on neither statute and is labeled as an "action to declare tax increases void as against public policy." The defendant, City of Bridgeport, has filed a motion to strike the second, third, fourth, and fifth counts of the appeal on the ground that they fail to state causes of action upon which relief can be granted. The motion refers to the defendant's brief for specific grounds of the motion to strike each of those counts.
The plaintiff makes the initial procedural claims that the motion was not filed at the proper time and that a motion to strike is defective if the motion itself does not state each of the grounds for the motion. While 114 of the General Statutes requires pleadings and motions to advance at least one step within each period of fifteen days from the preceding pleading, the failure to file a motion within that time limit does not preclude its consideration, as long as the motion is filed in the sequence stated in 112. Section 154 of the Practice Book requires a motion to strike to separately state each claim of insufficiency of the pleading and specify the reasons for each claimed insufficiency. While there is authority that noncompliance with 154 can be the basis for denying a motion to strike, Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5, failure to do so is not necessarily fatal and does not amount to a jurisdictional defect. Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4. Even though the plaintiff has objected to the form of the motion to strike, the grounds are clearly stated in the defendant's brief, and there is no indication that failing to include them in the motion itself was prejudicial to the plaintiff. If not decided now, the same issues will have to be resolved later, and judicial economy supports deciding them now.
With a motion to strike, all of the facts alleged in the complaint and facts necessary implied from those allegation are accepted as true. Mingachos v. CBS, Inc., 196 Conn. 91, 108. The complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36, 37; Norwich v. Silverberg, 200 Conn. 367, 370. In ruling upon a motion to strike the court is limited to the facts alleged in the complaint, King v. Board of Education, 196 Conn. 90, 93 and evidence outside of the pleading cannot be considered. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182, 183. The motion also does not admit legal conclusions or the truth or accuracy of opinions stated CT Page 11107 in the pleadings. Mingachos v. CBS, Inc., supra, 108. If the facts provable under the allegations of a count of the complaint support a cause of action, the motion to strike must fail. Id. 109.
The legal remedy to obtain relief from municipal property tax assessments is an appeal to the Superior Court under either 12-118
or 12-119 of the General Statutes, and the taxpayer does not have any other statutory, common law or equitable remedy to challenge an assessment. Norwich v. Lebanon, 200 Conn. 697, 711, 712. See also National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 598; Hartford v. Faith Center, Inc, 196 Conn. 487, 490-92. Section 12-119 is considered declaratory of existing legal and equitable rights. Id, 493. Accordingly, a claim that property has been wrongfully or excessively assessed can be appealed in one of two ways: (1) to the Board of Tax Review under 12-111 and from there, within two months, to the Superior Court pursuant to 12-118; or (2) by direct appeal to the Superior Court, pursuant to 12-119, within one year from the date when the property was last evaluated for purposes of taxation. Norwich v. Lebanon, 193 Conn. 342, 346-48; Second Stone Ridge Cooperative Corporation v. Bridgeport, 220 Conn. 335, 339; Norwich v. Lebanon, 200 Conn. at 707. The first count of the complaint here is an appeal based on 12-118. Section 12-119
applies in two situations: (1) where a tax has been laid on property not taxable in the municipality and (2) where the assessment was manifestly excessive and could not have been arrived at except by disregarding the statutory provisions for valuation of property. Second Stone Ridge Cooperative Corporation v. Bridgeport, supra, 340, 341. The first situation, which does not apply here, is basically addressed to an illegal tax. First National Bank Trust Co. v. West Haven, 135 Conn. 191, 194. To obtain relief for a clear and flagrant disregard of statutory provisions under 12-119, the assessment must be both (1) manifestly excessive and (2) one which could not have been arrived at except by disregarding the statutory rules for valuation of property. Second Stone Ridge Cooperative Corporation v. Bridgeport, supra, 341; E. Ingraham Co. v. Bristol, 146 Conn. 403,409.
The defendants claim that the second count of the complaint fails to contain sufficient facts for a 12-119 claim. The plaintiff, relying on 204.6 of the Practice Book forms and several Superior Court decisions, claims that it is sufficient for an appeal under 12-119 to allege that a tax was computed on an assessment which "was manifestly excessive and could not have been CT Page 11108 arrived at except by disregarding the provisions of the statutes for determining the valuation of such property." The second count does not specify the statutes or statutory procedures that were not followed in assessing the plaintiffs property. The third count however, contains the same allegations of the second count but further alleges six specific claims of illegality and references12-53 and 12-55 of the General Statutes. The defendant's brief has not addressed the claim that the assessing authorities breached the statutes. If any of the claims state a cause of action under12-119, the motion to strike must fail. Rowe v. Godou, 209 Conn. 273,279.
While the third count states a cause of action under 12-119, it also includes all the allegations in the second count. A party cannot state the same cause of action twice against the same defendants in the same complaint because there can only be one recovery. When that occurs a request to revise should be filed because one of the counts is unnecessary and repetitious. See 147(2), Connecticut Practice Book; Vaill v. Lionel Manufacturing Co., 90 Conn. 694, 696. This claim has not been raised by the defendants, however. While it is a close call, the second count standing alone contains sufficient facts to state a cause of action and survive a motion to strike. See Johnson v. Town of Killingworth, 8 CSCR 167 (1992); Fulton v. Town of Morris,7 CSCR 1303 (1992).
The fourth count of the complaint also refers to the magic words in 12-119, but the factual allegations in it amount to a breach of contract claim against the assessor. Paragraph eight of the fourth count alleges that the plaintiff's personal property tax declaration was audited by the assessors for Bridgeport, that the audit established a valuation methodology for determining value, and the assessor is barred from increasing the assessments because they were negotiated with and agreed to between the assessor and the plaintiff. Assuming but not deciding that the plaintiff has a claim based on breach of contract or some related theory against the assessor of the City of Bridgeport, it is not a claim based on12-119, and the fourth count does not allege the breach of any of the tax assessment statutes. The bottom line is that the property is overvalued, whether the taxing authorities honored an agreement with the plaintiff or not, but if that is the case, the remedy is an action under 12-118, as pleaded in the first count. The selection of an inappropriate method of appraisal is not an act which is manifestly illegal under the taxing statutes which allows relief under 12-119. Second Stone Ridge Cooperative Corporation CT Page 11109 v. Bridgeport, supra, 343. While it is questionable whether the plaintiff can obtain legal or equitable relief in an independent action, Norwich v. Lebanon, 200 Conn. at 706, 711-12, a tax appeal is limited to claims under 12-118 and 12-119. The fourth count fails to state a cause of action in an administrative property tax appeal.
The fifth count is labeled as an action to declare tax increases void as against public policy. After alleging the history of the assessment of the plaintiff's property, it states that the City of Bridgeport entered into a contract with Century Financial Associates, Ltd (Century) whereby Century agreed to perform services for the City in connection with assessment and collection of personal property taxes. The complaint also states that under the contract between Century and the City, Century would receive a base fee plus twenty five percent of additional taxes assessable by the City against any business or personal property which should have been included in the grand list and which was identified or increased in value as a result of Century's efforts. The plaintiff claims that this contingent fee was void as against public policy because it was directly proportional to the amount of increase in tax assessment computed by Century for the plaintiff's property, and was an incentive to raise the plaintiff's property tax assessment.
The City justifies this type of contingent fee arrangement under 20-281m of the General Statutes which provides in part as follows:
 "A licensee shall not offer to perform professional services for a fee which is contingent upon the findings or results of such services. This section shall not apply to professional services involving federal state or other taxes in which the findings are those of the tax authorities and not the licensee. . . ."
The plaintiff counters that this statute does not apply here. It is not necessary to decide that issue. Whether or not the statute applies, the plaintiff has alleged no legal authority for its claim that the hiring of a consultant to locate unassessed or under assessed personal property is illegal merely because the consultant is paid in part on a contingent fee basis. It is not customary to consider legal claims without the citation of any legal authority CT Page 11110 for them. Moreover, to the extent that such a claim could be made independent of an overassessment claim under 12-118 or a wrongful assessment claim under 12-119, it is not properly attached to an administrative appeal. Whether or not the assessing authorities or their consultant had an incentive to overvalue is immaterial. The ultimate question under 12-118 is whether or not the property was overvalued. Xerox Corporation v. Board of Tax Review, 175 Conn. 301,303.
The motion to strike is granted as to the second, fourth and fifth counts but denied as to the third count.
ROBERT A. FULLER, JUDGE