(108 App. Div. 201.)

### COSTET v. JEANTET et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. PARTNERSHIP—ACTIONS AGAINST FIRMS—SEPARATE VERDICT.

In an action against copartners for breach of a contract of the firm, an instruction authorizing a verdict against defendants separately or collectively was erroneous.

2. APPEAL—HARMLESS ERROR—ERRONEOUS INSTRUCTION CURED BY VERDICT.

An erroneous instruction authorizing a verdict against defendants separately or collectively was rendered harmless, where the jury found against all the defendants.

3. MASTER AND SERVANT—DISCHARGE OF SERVANT FOR DISOBEDIENCE.

Where a contract of employment required the servant, when not traveling, to be at the employers' store and assist therein, it is a good defense to an action for unlawful discharge that the servant disobeyed orders to attend the store at 8 o'clock in the morning, and refused to attend at that hour, or earlier than 9 o'clock.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 34.]

**4. SAME—QUESTIONS FOR JURY.**
    The reasonableness of an order of a merchant requiring a clerk to be at the store at 8 o'clock in the morning was erroneously submitted to the jury in an action by the servant for wrongful discharge.
    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 58.]

Appeal from Trial Term, New York County.

Action by Gaston Costet against Edward E. Jeantet and others for the wrongful discharge of plaintiff from his employment under a contract. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

L. Skidmore, for appellants.
W. G. Phlippeau, for respondent.

PATTERSON, J.   This action was originally begun against Eugenie R. Jeantet and Emile E. Jeantet, as copartners.   Mrs. Jeantet died, and her executors were substituted in her place as defendants.   The plaintiff in his complaint alleged that Eugenie R. Jeantet and her son, Emile E. Jeantet, were copartners; that on or about the 31st of August, 1900, he entered into an agreement in writing by which they agreed to employ him at a weekly salary of $25, and in addition thereto, 15 per cent. of yearly profits realized on business conducted by Mrs. Jeantet and her son under the firm name of "E. Jeantet"; that the plaintiff was to act as traveling salesman for the defendants, and also to assist them in their business at the store when not traveling for them; that the agreement was to go into effect on the 1st day of January, 1901, and to terminate on the 31st day of December, 1902; that the plaintiff entered upon the performance of his contract, and remained in the employ of the defendants until the 4th of May, 1901, when he was illegally discharged, and the defendants refused to allow him to perform further services under the agreement; that he duly tendered his services, but was notified that they were no longer required. Wherefore he demanded judgment for a certain sum of money and for an accounting of the profits.   Eugenie R. Jeantet by her separate answer admitted the employment, but she did not admit the partnership.   As a separate defense she alleged that she was induced to sign the contract with the plaintiff through false and fraudulent representations.   It is sufficient to say, with reference to this defense, that the proof does not sustain it.   For a further separate and distinct defense, she alleged that between the 1st of January, 1901, and May 4, 1901, the plaintiff continually neglected and refused, without any just cause or reason, to fulfill and comply with the terms and conditions of the contract referred to in the complaint, and refused and neglected to render the services required of him thereunder.   For a further defense, she alleged that during the period indicated, while the plaintiff claims to have rendered services, he was continually disrespectful to her, and refused to

obey her orders, and was insolent and impertinent, and used abusive language, repeatedly threatening to assault defendant's sons, who were employed by her. Emile E. Jeantet in his answer denies the allegations of the complaint, and asserts that he did not sign the contract as a contracting party, but only as a subscribing witness; that he had no interest in the firm, and no authority to employ or discharge the plaintiff. The defendant Edward E. Jeantet answered, setting up substantially the same matters as those contained in the answer of his mother. On the death of Mrs. Jeantet, the action was reconstructed as above stated, and a supplemental complaint was filed.

On the trial, a contract in writing was introduced in evidence, and it appears thereby that it was made between Mrs. E. R. Jeantet and Mr. E. E. Jeantet, of the firm of E. Jeantet, and that "Mrs. and Mr. Jeantet agree to pay to Mr. Costet a weekly salary of $25 and 15 per cent. on the net profits at the end of each year"; Mr. Costet being engaged as traveling salesman. All his expenses when traveling to be paid by the firm of E. Jeantet. "When not traveling, Mr. Costet agrees to report at the store and assist in the work about the same. This present agreement to be in effect on the 1st day of January, 1901, and to end on the 31st day of December, 1902." There is then added to the agreement the following:

"Notice of desire to terminate contract by either party shall be given in writing two months previous to said termination (i. e., on or before the 1st of November, 1902.)"

That paper is signed by Gaston Costet, Eugenie R. Jeantet, and Emile E. Jeantet.

At the trial several matters were in contest to which it is not necessary to refer at length. One of them related to Emile E. Jeantet being a member of the firm of E. Jeantet. That issue was submitted to the jury, and there was evidence to support their finding that Emile E. Jeantet was a copartner. The main issue before the jury, however, was as to the right of the plaintiff to recover, in view of the defense interposed of his discharge because of his disobedience and refusal to comply with reasonable requirements of the defendants. It was provided by the contract that the plaintiff, when not traveling, should report to the Jeantet store and assist in the work about the same. It was made to appear that Mrs. Jeantet required of the plaintiff that he should attend at such store, when not traveling, at 8 o'clock in the morning. It is also shown that the plaintiff disobeyed and disregarded that requirement, and that he refused to attend at that hour, and that he also refused to wait on customers when requested by Mrs. Jeantet so to do. The defendants moved to dismiss the complaint on the ground that it appeared that the plaintiff willfully disobeyed orders of his employer by refusing to attend at 8 o'clock in the morning; but it was agreed by counsel that the motion should be held over until after the jury had rendered a general verdict, and the court charged the jury as follows:

"Now, the justification, in substance, which they plead, is the disrespectful conduct on the part of Mr. Costet to Mrs. Jeantet, and disobedience of her orders; that is, of course, unreasonable disobedience. Now, with respect to disobedience of her orders, you have heard what that claim is. I believe one is with respect to refusing to serve customers; the other is with respect to not coming at some hour earlier than 9 o'clock. You must say whether he did refuse to obey a reasonable order of Madame Jeantet, and if he did and was discharged, that is, any of the orders of which there is evidence, if you find that there was such an order made, and if you find that the discharge was on account of the refusal to obey a reasonable order, and that it was one of the orders which it is charged that he disobeyed, you should find a verdict against the plaintiff so far as the executors are concerned."

Upon this subject the court then said that it would ask the jury to answer this question specifically:

"Did the plaintiff refuse to obey a reasonable order of Mrs. Jeantet, 'Yes' or 'No,' either one, in addition to a general verdict?"

And, further, that the jury might find a verdict against the executors and not against Emile E. Jeantet, or they could find a verdict in favor of all the defendants against the plaintiff, or against Emile E. Jeantet personally and not against the executors. The jury found a general verdict against all the defendants.

The instruction concerning the rendition of a verdict against the defendants separately or collectively was erroneous; but, as the jury found against all the defendants, that particular feature becomes unimportant. After the jury retired they asked for instructions as follows:

"Kindly let us know if we have to answer the question in re plaintiff's refusal to obey a reasonable order before coming to a verdict. Also does the answer to the above question require a unanimous reply one way or the other. The whole question seems to hinge on the question."

The judge therefore withdrew the direction to find specifically, and, as stated, the jury found a verdict for the plaintiff.

In the manner in which this case was left to the jury, it is plain that, although the special question was withdrawn from their consideration, yet it was submitted to them to determine, not whether as matter of fact the plaintiff was discharged because of disobedience of a reasonable order, but whether that order was in itself reasonable, and in this view the case went to the jury on an improper presentation. It is well settled in the law that, where an employé seeks to recover for an unlawful discharge from his employment, it is a good defense to his action that he has been guilty of disobedience of lawful and reasonable orders of his employer, or that he has in some other way by his acts given just cause for his discharge. It was shown in evidence that the store of the defendants was open every day at 7:30 in the morning and closed at 5:30 in the afternoon. There were 10 employés in the store, all of whom were there at 7:30 o'clock in the morning, except the bookkeeper. The plaintiff had been in the employment of the defendants before January 1, 1901. The proprietors of the establishment, or the members of the firm, were always there at 7 o'clock. The plaintiff was under obligation, according to his contract, when not traveling, to

be at the store and assist therein. In this case it should not have been left to the jury to say whether the requirement of the defendants was a reasonable one. On the whole proof it was for the court to say whether it was or not. As was remarked in Jerome v. Queen City Cycle Co., 163 N. Y. 352, 57 N. E. 485:

"Courts will not permit juries to guess or speculate, when from the undisputed evidence it is apparent that the order of the master was reasonable and that the servant was guilty of insubordination."

Where the fact of disobedience is in dispute, it is, of course, a matter for the jury. Here there is no dispute that the plaintiff refused to attend at the time required by his employer. In Tullis v. Hassell, 54 N. Y. Super. Ct. 391, which was an action for damages for a wrongful discharge of the plaintiff, who had contracted to give his time and best efforts to the business of the defendant, it appeared that the defendant wrote the plaintiff that he required him to report at the office every morning at 9 o'clock, and again between 5 and 6 o'clock in the evening, and report the work done during the day. The plaintiff disobeyed this requirement. The jury were instructed to find whether the command was reasonable, and the court on appeal held that it was of a kind that the defendant might give at his pleasure, whether it was for his interest or not; and the jury could not find that the command was unreasonable.

Where an order is given to an employé, and he disobeys it, his employer having an undoubted right to direct the times and manner in which service shall be performed, provided there is no specific agreement with relation thereto, the right of the employer to discharge for such disobedience follows necessarily. If this were not so, as was well said in the case of Jerome v. Queen City Cycle Co., supra, the position of employer and employé would be reversed. The defendants had the right to control their own business and to give proper directions to their employés with respect to the time of their attendance. Where a servant defies the proper direction of the master, he sets to his fellow servants an example of insubordination which may seriously affect that master's business.

We think the learned judge in this case should have charged the jury that the direction given by the defendants to the plaintiff that he should attend at a certain hour in the morning was a reasonable requirement, and, if they found as matter of fact that the plaintiff had disobeyed such requirement or direction, his discharge was justified. As the employment was by a copartnership, and not by an individual, if the discharge were justified, the defense inured to the benefit of all the members of the copartnership.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.