EMMETT CORRIGAN, Respondent, *v.* THE E. M. P. PRODUCING CORPORATION, Appellant.  (Actions Nos. 1 and 2.)

First Department, November 9, 1917.

**Master and servant — when contract between actor and moving picture corporation entire — when question of reasonableness or unreasonableness of discharge becomes one of law — effect of breach of entire contract by employee prior to its completion.**

Where a moving picture actor employed in a star part agrees under his contract to devote " his entire time and attention to the rendition of such services to the corporation to the utmost of his ability," and that the corporation " shall in all respects determine and control all matters relating to the production " of the picture, said agreement constitutes an entire contract, because only a partial performance by the star of a motion picture would destroy the value of the portion already performed.

Where in two actions by such actor, one for wages alleged to be due up to the time of his discharge, and the second for damages for wrongful discharge, it appears that the plaintiff refused to work on a certain afternoon, upon the ground that it would be impossible for him to restore his makeup until it would be too dark to take pictures, and was thereupon

discharged, the question of the reasonableness or unreasonableness of said discharge is one of law, and it is error to submit the same to the jury. The contract being entire, and the plaintiff having broken it prior to its completion, the complaint should have been dismissed.

APPEAL by the defendant, The E. M. P. Producing Corporation, from two determinations and orders of the Appellate Term of the Supreme Court, one in each action, in plaintiff's favor, entered in the office of the clerk of the county of New York on the 1st day of February, 1917, affirming judgments of the Municipal Court of the City of New York, borough of Manhattan, Fifth District, entered upon verdicts of a jury, and defendant also appeals from the original judgments of the Municipal Court and the orders entered in said court denying defendant's motion for a new trial in each action.

*David L. Podell*, for the appellant.

*Herman Joseph*, for the respondent.

PAGE, J.:

There are two actions, one for wages alleged to be due up to the time of the discharge and the second for damages for wrongful discharge. They were tried together. The plaintiff is a motion picture actor and was employed in the star part of a certain motion picture under a contract which provides: " The Corporation shall employ the Artist, and the Artist shall render his services to the Corporation in acting, posing for and participating in the production of one (1) feature motion picture for a period of not less than three (3) weeks, beginning at a time subsequent to December 1, 1915, to be named by the Artist, upon four (4) weeks' written notice to the Corporation, and for such additional period of time immediately following such period of three weeks as the Corporation may, in its discretion, require such services for the purpose of completing such motion picture. The Artist shall devote his entire time and attention to the rendition of such services to the Corporation to the utmost of his ability and on consecutive working days. The Corporation shall select the subject-matter of such motion picture, and shall in all respects determine and control all matters relating to the production thereof."

In pursuance of this contract the defendant corporation undertook the production of a motion picture in Cuba and the plaintiff worked for six days. It appears that a portion of the picture required the plaintiff to dive into the water and rescue one of the ladies; that on the day in controversy, after plaintiff had been in the water for some time and after he had lunch, he was informed that Mr. Powell, the manager, had gone off with one of the members of the company. He thereupon proceeded to remove his makeup and also his damp clothing and resume his ordinary attire and proceeded to take a train back to Havana. These trains, it seems, run at irregular intervals. Before plaintiff had taken the train, he received through one of the employees of the company a notice that Mr. Powell had returned and had decided to take further pictures and desired to see the plaintiff. The plaintiff replied that he had removed his makeup and that it would be impossible for him to recloth himself in his costume and restore his makeup until it would be too dark to take pictures, and thereupon boarded the train and left for Havana. There seems to have been a question raised as to whether the plaintiff abandoned the contract or the defendant discharged him, but as the defendant refused to allow the plaintiff to perform any further services under the contract it in effect became a discharge and the question presented is, was the discharge wrongful. It is very evident from the terms of the contract above quoted that this was an entire contract, and it must of necessity be held to be such, because only a partial performance by the star of a motion picture would destroy the value of the portion already performed, and it would be necessary to take new pictures, not alone of the subsequent acts but as to those that have gone before.

The learned trial judge submitted the question to the jury whether the order which the servant disobeyed was reasonable, thus leaving it to the jury to decide as to the reasonableness of the order; but under the facts in this case there was no question of fact to present to the jury. As was said by the Court of Appeals in *Jerome* v. *Queen City Cycle Co.* (163 N. Y. 351, 358): " The excuse given by him to justify his disobedience of orders presented no question of fact for the jury, for the law does not permit a servant to defy his master

unless serious injury threatens him, his family or his estate. Courts will not permit juries to guess or speculate, when, from the undisputed evidence, it is apparent that the order of the master was reasonable and that the servant was guilty of insubordination."

By the terms of the contract the plaintiff had agreed to devote " his entire time and attention to the rendition of such services to the Corporation to the utmost of his ability," and that "the Corporation shall * * * in all respects determine and control all matters relating to the production " of the picture. Therefore, unless the order was so unreasonable tnat there could be no question presented, it was the duty of the plaintiff to obey. The question, therefore, of reasonableness or unreasonableness becomes a question of law but not a question of fact for the jury. As this court said in *Costet* v. *Jeantet* (108 App. Div. 201): " Where an order is given to an employee, and he disobeys it, his employer having an undoubted right to direct the times and manner in which service shall be performed, provided there is no specific agreement with relation thereto, the right of the employer to discharge for such disobedience follows necessarily." (See, also, *Macauley* v. *Press Publishing Co.*, 170 App. Div. 640.)

The learned trial justice, therefore, erred in submitting the case to the jury, and he should have dismissed the complaint on the defendant's motion, the contract being entire and the plaintiff having broken it prior to its completion.

The determinations of the Appellate Term and the judgments of the Municipal Court are, therefore, reversed, and the complaints dismissed, with costs in all courts.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Determinations and judgments reversed and complaints dismissed, with costs in all courts.