FELIX G. POLLAK *vs.* THE DANBURY MANUFACTURING COMPANY.
MARGARET G. POLLAK *vs.* THE DANBURY MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

A charge upon the subject of "substantial performance" of a contract should contain an adequate explanation of the legal significance of that phrase, and should convey to the jury some practical criterion by which the conduct of the parties may be tested.

The doctrine of "substantial performance" can be invoked only where the defects in performance are not wilful or voluntary.

In an action by a servant alleging a wrongful discharge, the trial court charged the jury that if the plaintiffs had "substantially performed" their contracts of employment, the defendant had no right to discharge them, but later, at the defendant's request, charged that if they had failed to obey any lawful and reasonable command, their discharge was legally justified. *Held* that the inclusion of these inconsistent statements in the charge could have served only to mislead and confuse the jury.

A stipulation in a contract that it shall be "interpreted and enforced in accordance with the laws of the State of New York" is valid and operative, if made in good faith.

Under the law of New York, a servant is bound, under peril of discharge, to obey all reasonable orders not inconsistent with the terms of his employment, unless to do so would threaten the servant, his family, or his estate with serious injury; nor is it necessary for the master to show, in defense of a discharge, that he suffered actual injury through the misconduct of the

servant; but if the nature of the work is such that the servant is of necessity vested with some latitude and discretion in carrying out the details of his service, he is guilty of disobedience only when the limits of such latitude and discretion have been exceeded, and that is a question of fact for the jury.

It is never an excuse for a servant's infraction of his master's orders, that he successfully accomplished the end sought in his own way.

Certain derelictions of duty on the part of a servant may be so trivial and inconsequential as to come within the universal principle, *de minimis non curat lex*.

The law of New York accords with our rule that in the absence of evidence that a wrongfully discharged servant did find or, in the exercise of reasonable diligence should have found other employment, he is entitled to recover from his master the unpaid balance of the agreed compensation for the full term of the employment.

Argued November 5th—decided December 23d, 1925.

ACTIONS to recover damages for alleged breach of contract by the defendant to employ the plaintiffs, brought to the Court of Common Pleas in Fairfield County and tried to the jury before *Huxford, J.;* verdict and judgment for the plaintiff in each action, from which the defendant appealed. *Error, judgments set aside and new trials ordered.*

*Martin J. Cunningham,* for the appellant (defendant).

*Thomas A. Keating,* for the appellees (plaintiffs).

MALTBIE, J. These two cases were tried together and present to this court precisely the same legal situation. The defendant is engaged in the manufacture of underwear, with factories at Danbury and Bethel, Connecticut, and Brewster and Millerton, New York. August 21st, 1923, each of the plaintiffs entered into a contract of employment with it, by the terms of which each was to work for the company in the same capacity as at that time employed and to perform such

additional services as might be required, such employment to continue until December 31st, 1923. Felix G. Pollak was at that time general manager of the factories of the company and Margaret G. Pollak was superintendent of the operating department of the factory at Danbury. In each case the contract required that the plaintiff "shall devote his entire time and attention and his best energies and abilities to the performance of such duties as may be assigned to him by the Company and shall serve the Company faithfully and diligently and use his [or her] utmost endeavors to promote the interest of the Company and shall at all times be subject to the direction and control of the Company and shall do such work and perform such services at such times and places and of such a nature as the Company may direct in connection with its business." On or about October 15th, 1923, the defendant discharged both of the plaintiffs, and these actions were brought by them to recover damages for that discharge. The defendant admitted that it discharged them, but alleged that it did so because of their failure to perform the contractual obligation quoted above, and the main issue in the case was whether they had so failed in their duties as to justify the defendant in taking that action.

Upon this issue the trial court charged the jury as follows: "Now, performance, gentlemen, means only a substantial performance and it is for you to say whether in this case or cases, there was this substantial performance. For instance, a number of things were suggested upon which the claim was based of nonperformance and if you should find some or not all of those things as facts, then it will be for you to say whether that constituted a substantial performance on the part of the plaintiffs of their contract. If you find as a fact they did substantially comply with the terms

of their contracts, while they may not have done everything, still they substantially complied with the terms of their contracts, then you would be justified in bringing in a verdict in their favor." Later, in further discussing the issue, the court stated: "But a substantial compliance with the terms of the contract is all that is required." Toward the end of its instructions to the jury, however, it read certain of the defendant's requests to charge, among them these: "The plaintiff was obliged to obey all lawful and reasonable commands of the defendant . . . and a refusal or neglect upon the part of the plaintiff to obey any such command, given by the defendant through its authorized officer or agent, amounts to insubordination, is inconsistent with his duties to the defendant and is a sufficient ground for his discharge. . . . If you find that the plaintiffs . . . neglected to execute said orders, or unreasonably postponed the execution of such orders, then the defendant was justified and had the right to discharge the plaintiffs." Finally, at the very end of its charge, the trial court instructed the jury that if the plaintiffs had "fully performed or substantially performed" the stipulations of their contracts, they were entitled to recover, but if they had "failed to perform or substantially perform their express stipulations and you should find that constituted a breach on their part of those stipulations and their agreement," verdicts should be rendered for the defendant.

Passing for the moment the question of the correctness in law of the instruction first given, the charge is open to two serious criticisms. The first of these is that, even if we should assume the doctrine of substantial performance to be applicable to this case, nowhere is the jury given any explanation of the meaning of the words "substantial performance," no practical criterion by which the conduct of the plaintiffs

could be tested; and in particular no reference is made to the fact that the doctrine of substantial performance can be invoked only where the defects in performance were not wilful or voluntary. *Daly & Sons* v. *New Haven Hotel Co.*, 91 Conn. 280, 290, 99 Atl. 853; *Fagerholm* v. *Nielson*, 93 Conn. 380, 386, 106 Atl. 333. The other is that the portions of defendant's requests to charge above quoted were decidedly at variance with the doctrine of substantial performance elsewhere given to the jury, and the inclusion of both statements in the charge could only serve to confuse and mislead them. *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29, 32, 60 Atl. 1061; *Potts* v. *Buckley*, 97 Conn. 174, 178, 115 Atl. 726.

The agreements both contain a provision that the contract should be "interpreted and enforced in accordance with the laws of the State of New York." Such a stipulation made, as this one apparently was, in all good faith, is valid and requires that the right of the defendant to discharge the plaintiffs should be determined by the laws of that State. *Mutual Life Ins. Co.* v. *Hill*, 193 U. S. 551, 554, 24 Sup. Ct. 538; *Burns* v. *Burns*, 190 N. Y. 211, 82 N. E. 1107; Dicey, Conflict of Laws (3d Ed.), 606; note, 19 Amer. & Eng. Anno. Cas. 35. Whether, under the law of New York, the doctrine of substantial performance is applicable in an action by a servant to recover agreed wages for services rendered, we need not inquire. In *Jerome* v. *Queen City Cycle Co.*, 163 N. Y. 351, 356, 57 N. E. 485, a case very like the instant one, and in *Corrigan* v. *E. M. P. Producing Corporation*, 179 App. Div. 810, 167 N. Y. Supp. 206, *Macauley* v. *Press Publishing Co.*, 170 App. Div. 640, 155 N. Y. Supp. 1044, and *Day* v. *American Machinist Press*, 86 App. Div. 613, 83 N. Y. Supp. 263, can be found a statement of the law of that State as applied in actions brought by a

servant to recover for a discharge he claims to be wrongful. Briefly, it is this: Foremost among the duties which a servant is bound to discharge is that of obedience to all reasonable orders of the master not inconsistent with the contract of employment, and disobedience of such orders ordinarily justifies the discharge of the servant; where, however, the nature of the contract and the character of the employment vest the servant with some latitude and discretion in working out the details of his service, a failure immediately and literally to comply with the master's orders may not constitute disobedience, and it is a question of fact for the jury in each case whether the limits of that latitude and discretion have been exceeded; the only justification for such disobedience arises when to obey would threaten the servant, his family, or his estate with serious injury; it is not necessary for the master to show that he has been injured by the misconduct of the servant; nor does it protect the servant to be able to show that he accomplished the end sought in his own way; even where the servant occupies a position of authority and responsibility, he is still subject to the same obligation of obedience to the reasonable orders of the master, for it is the right of the master to manage his business as he pleases. To this statement we have only to add that, under the universal principle, *de minimis non curat lex,* there may, of course, be derelictions of duty by the servant so trivial or inconsequential that the law will not take note of them. The trial judge ought to have instructed the jury in accordance with these principles. They bind the servant to a much higher standard of performance than that which the jury might well have understood from his instructions as to "substantial performance," and by those instructions the case was made to turn upon a principle of law inapplicable to the case.

The defendant also assigns as error the failure of the trial court to instruct the jury that the plaintiff would not be justified in remaining idle after his discharge, but that he was bound to use ordinary diligence in seeking other employment. The trial court in its charge states—and nothing in the record indicates the contrary—that there was no evidence that the plaintiffs had accepted other employment or might have found it had they exercised proper diligence, and charged the jury that in the absence of such evidence the plaintiffs were entitled to recover the balance of the agreed salary for the full term of employment less such sums as might have been paid to them. This instruction stated the law of this State as announced in *Grant* v. *New Departure Co.*, 85 Conn. 421, 83 Atl. 212, and reaffirmed in *Safford* v. *Morris Metal Products Co.*, 97 Conn. 650, 656, 118 Atl. 37. It was also in accord with the law of the State of New York. *Howard* v. *Daly*, 61 N. Y. 362, 371; *Griffin* v. *Brooklyn Ball Club*, 68 App. Div. 566, 73 N. Y. Supp. 864, affirmed in 174 N. Y. 535, 66 N. E. 1109; *Milage* v. *Woodward*, 105 App. Div. 627, 94 N. Y. Supp. 1155, affirmed in 186 N. Y. 252, 78 N. E. 873.

There is error, the judgments are set aside and new trials are ordered.

In this opinion the other judges concurred.