### JACOB LOETHSCHER *vs.* BENJAMIN CAMPO.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The failure of an employee to appeal from a ruling of the compensation commissioner that his disability had ceased and that his right to further payments from his employer should terminate, is not admissible against him in his action to recover damages from the party causing his injuries; nor is the denial by the commissioner of his claim for permanent disability admissible in such an action, since it is an adjudication in a proceeding between different parties although, had he made no such claim, *it would seem* that that fact would offer a reasonable basis for an inference against him.

When the defendant exploded a blast of dynamite in a tree stump for the purpose of breaking it up, the plaintiff, who was working at a distance of about ten feet in a trench four feet in depth, was struck and injured by a piece of flying wood. Without objection on the part of the defendant, the issues were tried and submitted to the jury upon the theory that the plaintiff's cause of action was based upon the defendant's use of an intrinsically dangerous substance under such circumstances that the plaintiff was necessarily and obviously exposed to danger of harm. *Held:*

1. That upon the defendant's appeal from a judgment for the plaintiff, this court would accept the case upon the same theory as that adopted in the trial court.

2. That the trial court's instruction to the jury that the plaintiff could not recover if he was guilty of "wanton, wilful or careless conduct which materially contributed to produce the injury," was erroneous in two respects: first, because the meaning of these technical terms, and their significance as applied to the evidence, was nowhere explained to the jury, and, second, because mere carelessness on the part of the plaintiff as distinguished from wanton or wilful misconduct, either intentional or so heedless as to indicate a reckless disregard of his own safety, would not be sufficient to preclude a recovery.

3. That these errors in the charge were, however, harmless to the defendant, since the plaintiff's misconduct, which consisted merely of disregarding a general warning of the coming blast given under such circumstances as to convey no impression of peculiar danger to himself, did not involve such wilfulness or

wantonness as to warrant the submission of that issue to the jury.

4. That although the trial court, in charging the jury upon the subject of damages, overlooked a conflict of testimony as to the duration of the plaintiff's disability, any possible error in this respect could be cured by permitting the plaintiff to enter a *remittitur* reducing the amount of the verdict to correspond with the defendant's claim.

Argued March 7th—decided May 4th, 1928.

ACTION to recover damages for personal injuries to the plaintiff Loethscher, alleged to have been caused by the defendant's negligence, in which his employer, The Manchester Construction Company, joined as a party plaintiff under the provisions of the Workmen's Compensation Act, brought ·to the Superior Court in Hartford County and tried to the jury before *Baldwin, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant. *Error; new trial ordered nisi.*

*William S. Hyde,* for the appellant (defendant).

*Frank Covello,* with whom was *Edward C. Carroll,* and, on the brief, *Francis A. Pallotti,* for the appellees (plaintiffs).

MALTBIE, J. The plaintiff was injured by a fragment of a tree stump which was thrown through the air by a blast of dynamite exploded in it by the defendant for the purpose of breaking it up. From a verdict in favor of the plaintiff the defendant has appealed. He complains of certain rulings on evidence. During his cross-examination, he testified that, on a certain day, the compensation which he had been receiving under the Workmen's Compensation Act ceased, and he was then asked if he took an appeal, and this question the trial court excluded. It does not appear that there was an order of the compensation

commissioner from which the plaintiff could have appealed at that time; but if that did appear, a decision of the commissioner that his disability had ceased might well have presented no question of law upon which to base an appeal; too many considerations would be involved in a decision not to appeal to justify the drawing of an inference unfavorable to the plaintiff from his failure to do so. Later, the representative of the insurance company which had insured the liability of the plaintiff's employer under the Act, under cross-examination in behalf of the defendant, was asked whether any payment was made to the plaintiff for permanent disability, and this question the trial court excluded. It may be assumed that no such payment would have been made except upon order of the compensation commissioner; but if the plaintiff had made a claim for such a disability and the commissioner had ruled against him, that decision would not be admissible in this action; it would have been an adjudication in a proceeding where the parties were not the same. *Todd* v. *Bradley,* 99 Conn. 307, 122 Atl. 68. The fact that no payment for permanent disability had been made to the plaintiff cannot reasonably justify any inference against him in this action. Had the inquiry been whether or not he had made a claim to recover for such a disability under the Act, a different situation would have been presented. *Wright* v. *Blakeslee,* 102 Conn. 162, 166, 128 Atl. 113. The other ruling upon evidence of which complaint is made, the exclusion of a certain question and answer, is of no consequence, as exactly the same question and answer had been admitted without objection just a moment before.

One of the causes of action alleged was that the defendant, in blasting the stump, was using an intrinsically dangerous agency, that is, the dynamite, under

circumstances such that the plaintiff was necessarily and obviously exposed to danger of harm. The case was tried and submitted to the jury upon the theory that the principle of law so invoked was applicable to the situation disclosed by the evidence, without objection upon the part of the defendant, and we shall accept the case as so made. The plaintiff complains of certain portions of the charge in which the trial court instructed the jury that the plaintiff could not recover if he was guilty of "wanton, wilful or careless conduct, which materially contributed to produce the injury," the ground of objection being that the court nowhere explained the meaning of these words. They are not calculated by themselves to convey to the jury a clear idea of the conduct of a plaintiff which will preclude a recovery upon such a cause of action as the one we are considering and the trial court ought to have explained their significance as applied to the facts in evidence. *Krooner* v. *Waterbury,* 105 Conn. 476, 480, 136 Atl. 93; *Pollak* v. *Danbury Mfg. Co.,* 103 Conn. 553, 556, 131 Atl. 426. Moreover, this portion of the charge was erroneous in its inclusion of the word "careless," for, in order to preclude a recovery, the misconduct of the plaintiff must have amounted to more than mere carelessness. It was "his wanton, wilful, or reckless misconduct which materially increased the probabilities of injury and contributed thereto," which would defeat his right of recovery. *Worth* v. *Dunn,* 98 Conn. 51, 62, 118 Atl. 467. We recently had occasion to define these terms in another connection, but the definition we then gave is equally applicable here. The misconduct must be wilful, that is, intentional, or wanton, that is, so heedless as to be virtually equivalent to wilfulness, or must be such as to indicate a reckless disregard of the plaintiff's own safety. *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 Atl. 698. It does not follow, how-

ever, that these errors in the charge entitled the defendant to a new trial.

The principal facts bearing upon the issue raised by this portion of the charge, either undisputed, or, where disputed, as the defendant claimed to have established them, are these: The plaintiff had come to work on a Saturday and had worked about half that day. The explosion occurred about 9.30 the next Monday morning. He was at that time working at the bottom of a ditch some four feet deep and twenty feet wide. The stump had been excavated and was about ten feet from the northerly edge of the trench. The defendant had prepared it for blasting by placing about it a large number of railroad ties, covering it and them with bushes and limbs of trees bound together with wires, and fastening the whole with two large chains. Warning of his intention to set off the blast was given by the defendant by shouting, "Look out, I am going to blast," and also by the foreman under whom the plaintiff was working, who shouted a like warning. These shouts were heard by all the other workmen in the vicinity, some considerably further away than the plaintiff, and could have been heard by him. No particular warning was addressed to him until almost the moment of the explosion, when another employee told him very forcibly to "get out of there." He thereupon looked up and started to retreat, but as he did so, he was struck by the fragment of the stump.

The circumstances connected with the special warning given by the other workman to the plaintiff obviously created no situation within the principle we are considering. For the rest, all that appears is that there were shouted warnings that a blast was about to be set off, which, as the jury might have inferred, were heard and disregarded by the plaintiff. But that would not establish such misconduct on his part as could bar

Loethscher *v.* Campo.

a recovery, because it might well have failed to carry to him any comprehension of danger to himself. A plaintiff cannot be held to have wilfully, wantonly, or recklessly exposed himself to a danger, unless it appears that he comprehended the existence of that danger as likely to do harm to him. *Tenney* v. *Baird Machine Co.*, 87 Conn. 119, 126, 87 Atl. 352. It follows that, giving the facts in evidence the most favorable aspect to the defendant, they presented no situation calling for the submission to the jury of the issue of misconduct on the plaintiff's part such as would bar a recovery. Any error in the charge as to this matter was, then, of no consequence, inasmuch as, if the jury found actionable misconduct on the part of the defendant in the use of the dynamite, that would in itself have sustained a verdict for the plaintiff.

The plaintiff claimed to have proved that he was unable to work from the date of the injury until May 31st, 1927, except for a little light work done by him after the end of February; the defendant, on the other hand, claimed to have proved that his disability ceased on February 21st. The trial court instructed the jury as follows: "Now, in addition to these items of expenses, the evidence indicates that the plaintiff was injured on the 24th day of May, and that he went to work the day following Memorial Day, a year later. That would be exactly fifty-three weeks, and his compensation was $22 a week, the average compensation which he was receiving at the time of his injury, which makes a total of $1,166. It appears from the evidence that the plaintiff earned between March following his injury and the May following that March, $55 or $60. Taking $60 from the amount of compensation lost at the rate of $22 a week for fifty-three weeks, would leave a balance of $1,106 of lost compensation. That is an item which you should consider. The total

amount of his compensation lost and the total amount of his doctor's and hospital bills is $1,752 to date." No doubt through inadvertence the trial court overlooked the conflict of testimony as to the time when the plaintiff's disability ceased. It should have submitted the issue to the jury. As, however, the utmost effect that this error could have had is the inclusion in the verdict of a sum of approximately $250, the plaintiff should have an opportunity of avoiding a new trial by remitting that amount.

There is error, and a new trial is ordered unless the plaintiff Loethscher, within two weeks, enters a *remittitur* for $250 of the amount awarded to him in the judgment; but if such *remittitur* be entered, the judgment shall thereupon as to the residue stand affirmed; the costs of this court to be taxed in either event in favor of the appellant.

In this opinion the other judges concurred.