THE WHITMAN HOTEL CORPORATION ET AL. v.
THE ELLIOTT & WATROUS ENGINEERING COMPANY ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 18468

Memorandum filed March 21, 1950.

*Allyn L. Brown, Jr.,* of Norwich, for the Plaintiffs.

*Woodhouse & Schofield,* of Hartford, for the Defendants.

COMLEY, J. The defendants make the claim that there is no evidence that the damage to the plaintiff's hotel building was caused by the blasting in the Shetucket River. It is true that the plaintiff has not offered proof that each and every crack in the walls was connected with a specific blast. It does appear, however, that from the early summer of 1947 until the commencement of this action, the defendants were engaged in blasting operations of huge proportions which involved the cutting of a wasteway through solid rock, 750 feet long, 80 feet wide and 26 feet deep. About 23,000 cubic yards of ledge rock were removed through the use of 53,000 pounds of 60 per cent high velocity gelatin. The scene of these operations was at its nearest point only 230 feet from the plaintiff's building. At each blast six holes filled with dynamite to a depth of at least

twelve feet were exploded. The defendants offered evidence that there was other blasting in Norwich during the period in question, most of it connected with the construction of sewers. Compared with the operations of the defendants in the Shetucket River this other blasting was trivial and negligible. In the very nature of things it would be virtually impossible for the plaintiff to connect each item of damage with a specific blast. It would be highly unrealistic to hold the plaintiff to that degree of proof. All the circumstances of the case, including the nature of the defendants' work and its enormous size and extent, the location of the plaintiff's building and the kind of damage which appeared in the building during the period of blasting, lead irresistibly to the conclusion that it was the acts of the defendants which caused the damage.

The most serious question in the case is whether the plaintiff has the burden of proving that the defendants were negligent in the conduct of their work. The complaint is drawn upon two theories. Paragraph six alleges positively that the defendants were careless and negligent. Paragraph five contains no such allegation but states merely that the damage to the building resulted from vibration which was due to the use by the defendants of powerful and intrinsically dangerous explosives.

The plaintiff could undoubtedly recover on the theory of negligence provided it sustained the burden of proving by a fair preponderance of the evidence that the defendants failed to use reasonable care. In a case such as this want of reasonable care is ordinarily established by proof that the contractor failed to do his work in accordance with the usual means and methods which are recognized as standard and customary practice among contractors engaged in similar work. There was no such evidence in the present case. The plaintiff claims, and it is undoubtedly true, that this rock could have been removed by the use of much smaller charges of dynamite or even by hand. This, however, is not proof that the means and methods used by the defendants constituted negligence. Their conduct is to be tested in the light of the whole problem with which they were faced. They were engaged by the flood control commission of the United States government to accomplish a task of great public importance and benefit. It was truly a task of stupendous proportions. There is virtually no evidence, except that of the witness Oscar Hoffman whom I disbelieve, that the defendants failed in any substantial way to follow the plans and specifica-

tions laid down for the conduct of the work. In its claim of negligence, the plaintiff is really asking the court to find that, because the work resulted in damage or because it could have been done in some other prohibitively expensive manner without damage, the defendants failed to exercise reasonable care under all the circumstances. In the absence of some evidence that the defendants did not observe the requirements of standard engineering practice in work of this kind and magnitude I do not believe that the court is justified in drawing an inference of negligence and, therefore, upon this theory of the complaint, I find for the defendants.

There remains for consideration the second theory, i. e., that the defendants caused damage to the plaintiff through the use of intrinsically dangerous explosives and are liable to the plaintiff without proof of negligence. The leading case in Connecticut upon this subject is *Worth* v. *Dunn,* 98 Conn. 51. In that case the plaintiff was struck by a flying fragment of a wall which was being demolished by the defendant through the use of dynamite. The court (p. 59) approved a charge to the jury that "A person who uses an intrinsically dangerous means to accomplish a lawful end, in such a way as will necessarily or obviously expose the person of another to probable injury, is liable if such injury results, even though he uses all proper care." This rule has been followed in cases of direct injury by trespass to person or property in *Loethscher* v. *Campo,* 107 Conn. 568, and *Welz* v. *Manzillo,* 113 Conn. 674.

The defendants claim that the doctrine of *Worth* v. *Dunn,* supra, is strictly limited to cases of such direct injury by trespass and is not to be extended to cases of consequential injury which is the result of indirect forces set in motion by the explosion, such as vibration or concussion. The defendants cite strong support for this claim, notably from Massachusetts and New York. In *Dolhman* v. *Peterson,* 297 Mass. 479, 482, the established law of that state is stated to be that "one carrying on blasting operations is liable for all direct injuries to the person or property of another, but in the absence of negligence is not liable for consequential harm such as is caused by concussion." And in *Coley* v. *Cohen,* 289 N. Y. 365, 370, it is said: "When a technical trespass arises from blasting operations, damages may be recovered from the person responsible for the injury to person or property without proof of negligence. . . . Otherwise the law provides no remedy for such injury in the absence of proof of lack of due care on the part of the

contractor." This so-called New York rule has also been followed in New Jersey, Kentucky, Kansas, Texas and Alabama. See cases cited in the following notes: 80 A. L. R. 686, 692, 92 A. L. R. 741.

This rule is said by the commentators to rest upon two grounds, first, the ancient distinction between action of trespass and trespass on the case and, second, the practical necessity of providing immunity to contractors in the vast underground construction work which must be carried on in our largest cities many of which, like Manhattan, rest upon solid rock.

The rule has not met with universal approval or acceptance. According to the case notes above cited it has been rejected in favor of the rule of absolute liability in Arkansas, California, Illinois, Iowa, Missouri, Montana, Nebraska, Ohio, Oklahoma, Rhode Island, South Dakota, Tennessee and Washington. A most effective and persuasive attack upon the New York rule is contained in the opinion of Judge Augustus N. Hand in the case of *Exner* v. *Sherman Power Construction Co.*, 54 F. 2d 510, 513, as follows: "It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. . . . Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis."

The force of Judge Hand's reasoning is irresistible. If these defendants had damaged the plaintiff's building by causing rocks to be hurled against the structure, they would clearly be liable without proof of negligence under the doctrine of *Worth* v. *Dunn*. Why should they not be liable for similar damage from vibration or concussion which they have set in motion? To say that one is direct and the other consequential is to state a distinction that has no difference. I, therefore, conclude that the defendants are liable to the plaintiff under the second theory of the complaint without proof of negligence.

The plaintiff has established damages in the amount of $7629.29. This is in accordance with the schedule on page eleven of its brief except for the item of $742.67 claimed as "contractor's overhead." There is no evidence that this represents any actual expenditure made or contemplated by the plaintiff and is, therefore, excluded. The matter of interest presents a problem. Our rule is that in an action of tort for damage to property the plaintiff is entitled to interest from the date of the loss. See *Hawkins* v. *Garford Trucking Co.,* 96 Conn. 337, 341. The difficulty in this case is that the plaintiff's loss is made up of innumerable items occurring on many different dates. To award interest on each item from the date when it occurred would be extremely difficult if not impossible. It is probably impossible to assign a definite date to each blast which caused damage. It seems to me that, as a practical matter, substantial justice will be accomplished if the plaintiff is awarded interest from the date when the defendants finally completed their blasting operations which was in February, 1949.

Judgment is rendered for the plaintiff Whitman Hotel Corporation to recover from the defendants $7629.29 with interest from March 1, 1949.