[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the applicant, Barbara Schrader's (Schrader) application to proceed with arbitration of her underinsured motorist claim against United Services Automobile Association (USAA).
Schrader, a Virginia resident, seeks such relief concerning injuries alleged to have been sustained in an automobile accident in Middlebury, Connecticut. Since she claims her tort feasor was underinsured she now seeks to arbitrate her damage claim against her auto insurance carrier, USAA, under a policy issued to her as a Virginia resident. USAA objects to arbitration on the grounds that the policy was issued in Virginia to the applicant as a Virginia resident and had attached to it a Virginia endorsement, Form 338 VA, affording uninsured motorist coverage which does not provide for such arbitration.
Schrader argues that since Connecticut law requires arbitration and the principal policy form to which the Virginia endorsement was attached provides for arbitration of uninsured motorist claims, her application should be granted.
The policy does provide in its body that if the parties do not agree, arbitration may be invoked by either party. That policy, in Part IV, Protection Against Uninsured Motorists contains the following arbitration provision:
 Arbitration: If any person making claim hereunder and the company do not agree that such person is legaly entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. CT Page 1207 Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part.
Attached to the policy and also concerning uninsured motorist insurance are Virgina endorsement forms 338 VA and 341 VA. Neither of these forms contain any clause providing for arbitration.
The policy provisions concerning uninsured motorists applies to underinsured motorists under the 341 VA endorsement.
Endorsement Form 338 VA, Part IV, Conditions states:
A. Policy Provisions.
 None of the Insuring Agreements, Exclusions, Conditions or other provisions of the policy shall apply to the insurance afforded by this endorsement except the Conditions "Notice", "Insured's Duties in the Event of Loss", "Subrogration", "Changes", "Assignment", "Cancellation" and "Declarations".
Furthermore, Form 338 VA, Section IV G states "[t]his endorsement replaces any other provisions of the policy, including any endorsement forming a part thereof, affording similar insurance with respect to any damages arising out of the ownership, maintenance or use of an uninsured motor vehicle or a hit-and-run vehicle."
The Virginia endorsement, 338 VA, titled "Uninsured Motorists Insurance," ("Virginia") directly effects the uninsured motorist provisions of the original policy. "An insurance policy. . .is but a written expression of a contract, which the parties themselves may modify by mutual consent." Perrogo v. Conn. Commercial Travelers Mutual Accident Association, Inc., 101 Conn. 648, 656-57
(1924). The quoted language of Form 338 VA serves to remove the written arbitration provision upon which the claimant must primarily rely in her application to proceed with arbitration.
The policy also provides that uninsured and underinsured motorists coverage payments will be made in accordance with the Virginia statutes. Section 52-410 of the Connecticut General Statutes, the statutory provision relied upon by the claimant in her application to proceed with arbitration is not therefore applicable. The parties having in good faith agreed to apply the Virginia law, this court will do so. Pollak v. Danbury Mfg. Co.,103 Conn. 553, 557 (1985; Gannett Co. Inc. v. Register Publishing CT Page 1208 Co., 428 F. Sup. 818, 824. The plaintiff has not brought to the court's attention any provision of the applicable Virginia statutes requiring arbitration of such disputes.
Since neither the applicable uninsured or underinsured motorist policy provisions or the Connecticut statutory arbitration require arbitration, the application to compel arbitration must be and is denied. See Bennett v. Meader,208 Conn. 355 (1988).
McDONALD, J.