[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #117
On March 21, 1995, the plaintiff, Lori Raub, filed an eleven-count amended complaint against Dream Factory, Inc., Classics International Entertainment, Inc. (CIE), Richard Berger and Channel Marketing, Inc. The complaint alleges the following facts. Prior to December 1992, the plaintiff owned 125 shares in Dream Factory, which owns and operates comic book retail stores. In July of 1992, the plaintiff entered into negotiations with Berger, who is the founder and chairman of CIE, regarding the sale of her stock interest in Dream Factory. In December 1992, the plaintiff entered into a stock purchase agreement, pursuant to which she exchanged her 125 shares of Dream Factory for 125,000 shares of CIE stock. An integral part of the stock purchase agreement provided that the plaintiff was to receive a five-year written employment contract CT Page 4332-NNN with Dream Factory, and on May 10, 1993, the plaintiff entered into such a contract. As part of the contract, CIE entered into a written guaranty of performance in which CIE guaranteed all of the obligations of Dream Factory as if the agreement was with CIE. The plaintiff attached a copy of the employment contract to the complaint.
The plaintiff was employed as president of Dream Factory until July 1994. On July 12, 1994, the plaintiff's employment was allegedly terminated without prior written notice and without cause. On August 5, 1994, the defendants prepared and/or published a press release entitled "Classics International Entertainment, Inc. Sets the Record Straight" and caused it to be disseminated throughout the country via national computer on-line services. The plaintiff attached a copy of the press release to the complaint. The press release stated, inter alia, that the plaintiff was terminated for "willful misconduct or gross incompetence" and that the plaintiff is "subject to a restrictive covenant prohibiting competitive activities for a period of two years."
The plaintiff alleges the following causes of action: breach of contract (count one); common law fraud (count two); unfair and deceptive trade practices in violation of Connecticut and Illinois law (count three); unjust enrichment (count four); willful, wanton and/or reckless conduct (count five); declaratory judgment (count six); defamation (count seven); invasion of right to privacy (count eight); tortious interference with prospective business relations (count nine); negligent infliction of emotional distress (count ten); intentional infliction of emotional distress (count eleven).
On September 25, 1995, the defendants filed a motion to strike counts one, two, three, four, seven, eight, nine, ten and eleven. Pursuant to Practice Book § 155 both parties submitted the requisite memorandum of law.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. It does not include, however, the legal conclusions or opinions stated in the complaint." S.M.S.CT Page 4332-OOOTextile v. Brown, Jacobson, Tillinghast, Lahan and King. P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group.Inc., supra, 224 Conn. 215.
A. Motion to Strike Count One
The plaintiff alleges in the first count that Dream Factory, CIE and Berger breached the plaintiff's employment contract. The defendants filed a motion to strike count one as it applies to CIE and Berger on the ground that the plaintiff failed to allege that the defendants were in privity of contract with the plaintiff. The plaintiff contends that the terms of the contract are to be interpreted pursuant to Illinois law and that the defendants have failed to provide the court with an analysis under the law of that state. Therefore, the plaintiff argues that the court should deny the defendants' motion to strike the first count.
"Undoubtedly, parties to a contract may expressly select the choice of law by which it is to be governed." Fairfield LeaseCorp. v. Pratt, 6 Conn. Cir. 537, 538, 278 A.2d 154 (1971). Such a stipulation when made governs the contractual rights of the parties. Pollak v. Danbury Mfg. Co., 103 Conn. 553, 557,131 A. 426 (1925).
Paragraph sixteen of the employment contract provides that "[t]he terms of this Agreement shall be construed and governed in accordance with the internal laws, but not laws of conflicts, of the State of Illinois applicable to agreements made in Illinois." The plaintiff's cause of action for breach of contract requires construction of the terms of the employment agreement. Therefore, the terms of the contract are to be construed pursuant to Illinois law.
Practice Book § 155 requires that a motion to strike "be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Where an issue is raised by a party, and the party fails "to offer any reasoned explanation" or legal analysis, the "issue is not sufficiently briefed to warrant [the court's] consideration." Gaynor v. UnionTrust Co., 216 Conn. 458, 482, 582 A.2d 190 (1990). When a memorandum of law fails to cite any legal authority, the memorandum CT Page 4332-PPP is "functionally equivalent to no memorandum at all." Palmieri v.Greaux, Superior Court, judicial district of New Haven at New Haven, Docket No. 252090 (July 21, 1987, Schaller, J., 2 CSCR 889). See Roy v. Borgesano, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 335718 (March 21, 1988, Purtill, J., 3 CSCR 358) (denying a motion to strike on the ground that the movant's memorandum of law failed to cite any legal authority in violation of Practice Book § 155).
The defendants' supporting memorandum is devoid of any Illinois legal authority. Therefore, because the terms of the contract are subject to interpretation under Illinois law, the defendants' failure to provide the court with any authority from that jurisdiction violates Practice Book § 155. Accordingly, the defendants' motion to strike count one is denied.
B. Motion to Strike Count Two
The plaintiff alleges in the second count that Dream Factory, CIE and Berger committed common law fraud. The defendants filed a motion to strike the count with respect to Dream Factory on the ground that the plaintiff failed to allege that Dream Factory participated in the fraudulent activities. The plaintiff contends that Berger was acting as an agent for both CIE and Dream Factory when he made the fraudulent representations.
"The essential elements of an action in common law fraud . . . are that (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon the false representation to his injury." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539,661 A.2d 530 (1995). A principal may be held liable for the fraud of its agent under the theory of respondeat superior, which "attaches liability to a principal merely because the agent committed a tort while acting within the scope of his employment."Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 505,656 A.2d 1OO9 (1995).
Nevertheless, the plaintiff's argument that Berger was acting as an agent for Dream Factory when he committed the alleged fraud is without merit. The plaintiff fails to allege that Berger was acting as an agent for Dream Factory in her complaint. Furthermore, the plaintiff alleges in her complaint that Berger made the representations to induce her "to relinquish her stock and CT Page 4332-QQQ ownership interest in Dream Factory." Therefore, at the time Berger committed the alleged fraud, Dream Factory was still under the control of Raub, and Berger had not yet acquired an interest in the corporation.[1] Thus, Berger was not acting as an agent for Dream Factory at the time of the alleged fraud. The plaintiff has failed to allege that Dream Factory, or any of its agents or servants, committed common law fraud. Accordingly, the defendants' motion to strike count two as it applies to Dream Factory is granted.
C. Motion to Strike Count Three
In the third count the plaintiff alleges that the defendants, Dream Factory, CIE, and Berger engaged in unfair and deceptive practices in violation of both Connecticut and Illinois statutory law. The defendants argue that CUTPA does not apply to the employer-employee relationship and therefore the plaintiff has failed to state a valid cause of action under Connecticut law. Additionally, they argue that under the choice of law doctrine, Connecticut law applies to this claim. They argue further that even if Connecticut law did not apply, Illinois law also prohibits the application of the unfair trade statutes to the employer-employee relationship.
It is not necessary to decide whether the plaintiff has alleged a valid CUTPA violation because the defendants have not met their burden as movant. As discussed above, Practice Book § 155 requires the movant to file a memorandum of law containing appropriate legal authority and the failure to submit such a memorandum violates § 155.
The defendants have failed to provide any legal authority for their assertion that Connecticut law governs the plaintiff's claim of unfair and deceptive trade practices. Furthermore, the defendants have failed to provide any authority for their assertion that the plaintiffs have failed to allege a viable cause of action for violation of the Illinois fair trade statutes. In fact, the defendants ate, in a footnote, that "Illinois, like Connecticut, has an extensive body of law that governs the employer-employee relationship," but they fail to cite to any of these cases in violation of Practice Book § 155. Therefore, the motion to strike count three is denied because the defendants have failed to establish that the plaintiff does not state a valid cause of action under Illinois law or Connecticut law, whichever applies. CT Page 4332-RRR
D. Motion to Strike Count Four
In the fourth count, the plaintiff alleges that Dream Factory, CIE and Berger were unjustly enriched. The defendants filed a motion to strike that count with respect to Dream Factory and Berger on the ground that the plaintiff failed to allege that the two defendants received any benefit from the plaintiff. The plaintiff contends that the complaint alleges that both Dream Factory and Berger were unjustly enriched by over eight million dollars. The plaintiff argues further that Dream Factory's benefit was the relief from its obligation to compensate the plaintiff.
"The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." (Citations omitted; internal quotation marks omitted.) National CSS Inc. v. Stamford,195 Conn. 587, 597, 489 A.2d 1034 (1985). "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Barbara Weisman,Trustee v. Kaspar, supra, 233 Conn. 550. Unjust enrichment applies wherever justice requires compensation be given for property or services rendered under a contract, and no remedy is available by an action on the contract. 5 S. Williston, Contracts (Rev. Ed) § 1479.
The plaintiff alleges that Dream Factory, CIE and Berger were unjustly enriched by an amount in excess of eight million dollars. The plaintiff fails to allege, however, what benefit Dream Factory and Berger received.
The complaint demonstrates that a large portion of the eight million dollars consists of lost salary, bonuses, fringe benefits and stock opportunities. The plaintiff contends that Dream Factory was unjustly enriched by not having to compensate her, yet the plaintiff fails to allege that she has performed services for Dream Factory without compensation. Therefore, the plaintiff fails to allege that Dream Factory has received any benefit. The plaintiff fails to provide any authority that upholds a theory of unjust enrichment in circumstances similar to these. Accordingly, the plaintiff has failed to allege a legally sufficient cause of action for unjust enrichment against Dream Factory.
The complaint also alleges that the plaintiff is still owed CT Page 4332-SSS $78,750 for the sale of her stock in Dream Factory. While this allegation may support a cause of action for unjust enrichment against CIE (the purchaser of the stock), it can not support one against Berger. The plaintiff fails to allege that Berger received any benefit from which he was unjustly enriched.
Accordingly, the defendants motion to strike the fourth count with respect to Dream Factory and Berger is granted because the plaintiff fails to allege that these parties received a benefit recognized by the law.
E. Motion to Strike Count Seven
In the seventh count, the plaintiff alleges that Dream Factory, CIE, Berger and Channel Marketing committed defamation. The defendants move to strike the seventh count on the ground that the plaintiff failed to allege a sufficient cause of action for defamation against a public figure. Specifically, the defendants argue that the plaintiff fails to allege facts sufficient to support a finding that the defendants acted with malice. The plaintiff contends that she is not a public figure and therefore does not have to allege malice. Nevertheless, she argues, the complaint d s contain an allegation of malice.
It is not necessary, however, to determine whether the plaintiff's allegations of malice are legally sufficient because the defendants motion presents a question of fact, which is not properly resolved in a motion to strike. "If there is room for a reasonable disagreement, the question should be submitted to the trier of fact . . . and not determined by the court on a motion to strike." Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586,590, 577 A.2d 1132 (1990).
The Supreme Court has defined a public figure as follows: "For the most part those who attain this status have assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular controversies in order to influence the resolution of the issues involved. In either event, they invite attention and comment." Gertz v. Robert Welch, Inc., 418 U.S. 323, 345,94 S.Ct. 2997, 41 L.Ed.2d 78 (1974).
In support of their argument that the plaintiff is a public CT Page 4332-TTT figure, the defendants rely on allegations in the complaint. Specifically, they rely on the allegations that the plaintiff has received a national reputation" in the comic book retail industry, that she is "the past national president of Comic Book Retailers," and that she "has been a guest speaker at Capitol City's Retailer Roundtable."
These allegations present questions of fact with respect to whether the plaintiff satisfies the definition of a public figure. There can be a reasonable disagreement over whether the past national president of Comic Book Retailers occupies the role of special prominence in the affairs of society. Moreover, there is no indication in the complaint that the plaintiff has thrust herself to the forefront of a particular controversy. Therefore, the issue of whether the plaintiff is a public figure presents a question of fact, which is properly resolved by a trier of fact. Accordingly, the defendants motion to strike the seventh count is denied because the motion presents a question of fact, which is not properly resolved by this motion.
F. Motion to Strike Count Eight
A review of this count convinces the court that it contains allegations that can support an invasion of privacy action. Such a cause of action was recognized by our Supreme Court in the case of Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107
(1982). The motion to strike the eighth count is denied.
G. Motion to Strike Count Nine
A review of this count convinces the court that it contains allegations that can support a tortious interference with prospective business relations claim. Jones v. O'Connell,189 Conn. 648, 660. The motion to strike the ninth count is denied.
H. Motion to Strike Count Ten
A review of the count convinces this court that it contains allegations that can support a negligent/unintentional infliction of emotional distress claim. Kilduff v. Adams, Inc., 219 Conn. 314
(1991). The motion to strike the tenth count is denied.
I. Motion to Strike Count Eleven
A review of this count convinces the court that it contains CT Page 4332-UUU allegations that can support a claim of intentional infliction of emotional distress. DeLaurentis v. New Haven, 220 Conn. 225, 266-67
(1991). In addition, this court has already found that the issue of whether the plaintiff is a public figure is one to be properly resolved by the trier of fact. The motion to strike the eleventh count is denied.
LAWRENCE L. HAUSER, JUDGE.